1  STEFANI E. SHANBERG (State Bar No. 206717)
   JENNIFER J. SCHMIDT (State Bar No. 295597)
2  ROBIN L. BREWER (State Bar No. 253686)
   MICHAEL J. GUO (State Bar No. 284917)
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  One Market Plaza
   Spear Tower, Suite 3300
5  San Francisco, California  94105
   Telephone:  (415) 947-2000
6  Facsimile:  (415) 947-2099
   E-Mail:      sshanberg@wsgr.com
7              rbrewer@wsgr.com
               jschmidt@wsgr.com
8              mguo@wsgr.com

9  Attorneys for Defendants
   GOOGLE INC.; YOUTUBE, LLC; and
10 ON2 TECHNOLOGIES, INC.

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                         SAN JOSE DIVISION

14 MAX SOUND CORPORATION and              Case No. 5:14-cv-04412-EJD
   VEDANTI SYSTEMS LIMITED,
15                                        **DEFENDANTS GOOGLE INC.,**
              Plaintiffs,                 **YOUTUBE, LLC, AND ON2**
16                                        **TECHNOLOGIES, INC.'S MOTION TO**
          v.                              **DISMISS PURSUANT TO FEDERAL**
17                                        **RULES OF CIVIL PROCEDURE 12(b)(1)**
   GOOGLE INC., YOUTUBE, LLC, and ON2     **AND 12(b)(7)**
18 TECHNOLOGIES, INC.,
                                          Date:   April 30, 2015
19            Defendants.                 Time:   9:00 am
                                          Place:  Courtroom 4, 5th Floor
20                                        Judge:  Honorable Edward J. Davila

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ..................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................1

I.      INTRODUCTION.........................................................................................1

II.     STATEMENT OF FACTS..........................................................................2

III.    LEGAL PRINCIPLES .................................................................................2

        A.      Joinder of Involuntary Parties. ....................................................2

        B.      Licensee Standing. ..........................................................................3

IV.     ARGUMENT .................................................................................................3

        A.      VSL Must Be Dismissed from This Case Due to Improper Joinder. .....................4

        B.      This Case Must Be Dismissed Because Max Sound Lacks Standing to Sue Without Patent Owner VSL. ................6

V.      CONCLUSION .............................................................................................6

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Caprio v. Wilson*, 513 F.2d 837 (1975)...................................................................................4

*Dominion Assets LLC v. Masimo Corp.*, Case No. 12-cv-02773-BLF, slip op. (N.D. Cal. June 27, 2014)........................................................................................................3

*Ind. Wireless Tel. Co. v. Radio Corp.*, 269 U.S. 459 (1926)..............................................2, 3, 4, 5

*Ortho Pharm. Corp. v. Genetics Inst. Inc.*, 52 F.3d 1026 (Fed. Cir. 1995) ...................3, 6

*Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187 (Fed. Cir. 2007) ..............................3, 6

*Sheldon v. W. Bend Equip. Corp.*, 718 F.2d 603 (3rd Cir. 1983)..................................4

*Star Navigation Sys. Grp. Ltd. v. Aeromechanical Servs.*, 2008 U.S. Dist. LEXIS 79444 (N.D. Cal. Aug. 18, 2008) ................................................................2, 3, 4, 5, 6

*Water Techs. Corp. v. Calco, Ltd.*, 576 F. Supp. 767 (N.D. Ill. 1983) ...........................4

*Waterman v. Mackenzie*, 138 U.S. 252 (1891).....................................................3, 6

### **STATUTES**

35 U.S.C. § 281 .......................................................................................................3

### **RULES**

Fed. R. Civ. P. 4 ..................................................................................................4, 5

Fed. R. Civ. P. 12 .............................................................................................1, 2, 3, 6

Fed. R. Civ. P. 19 .......................................................................................1, 2, 3, 4, 5, 6

# <u>TABLE OF ABBREVIATIONS</u>

| | |
|---|---|
| Plaintiff Max Sound Corporation | Max Sound |
| Plaintiff Vedanti Systems Limited | VSL |
| Max Sound and VSL, collectively | Plaintiffs |
| Defendant Google Inc. | Google |
| Defendant YouTube, LLC | YouTube |
| Defendant On2 Technologies, Inc. | On2 |
| Defendants Google, YouTube, and On2, collectively | Defendants |
| U.S. Patent No. 7,974,339 | '339 patent or asserted patent |
| Plaintiff Max Sound Corporation's Complaint for Patent Infringement (Dkt. No. 1) | Complaint |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 30, 2015, at 9:00 a.m., or as soon thereafter as the matter may be heard in courtroom of the Honorable Edward J. Davila, located at Courtroom 4, Fifth Floor, of the United States District Court for the Northern District of California, San Jose Division, Defendants will and hereby do move the Court for entry of an order dismissing this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7).

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, and such additional evidence and arguments as may hereinafter be presented.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

As owner of the '339 patent, VSL is a necessary party to a suit for infringement of the asserted patent.   Presumably knowing this to be true, when licensee Max Sound filed its Complaint for patent infringement, it named VSL as a co-plaintiff "pursuant to Rule 19."  But Max Sound cannot make VSL a co-plaintiff under Rule 19 merely by calling it one.  To the contrary, invocation of Rule 19 to join a required party requires certain procedures, and only "in a proper case" may an involuntary party be made a plaintiff under Rule 19.  This is not such a case.

Specifically, in order to join patent owner VSL as a plaintiff under Rule 19, Max Sound must show that VSL refused to voluntarily join the case and that VSL is beyond the reach of process.  Max Sound has made no such showing, nor can it.  Courts in this district have dismissed the improperly joined patent owner from the case where a plaintiff licensee improperly named the patent owner as an "involuntary plaintiff" under Rule 19 without the proper procedure or mandatory showings.  The same result is warranted here, and VSL should be dismissed.

Because licensee Max Sound lacks standing to sue without patent owner VSL as party to the case, this case in its entirety must also be dismissed pursuant to Rules 12(b)(1) and 12(b)(7).

## II.      STATEMENT OF FACTS

On October 1, 2014, Plaintiff Max Sound filed a Complaint against Defendants alleging infringement of the '339 patent.  (Dkt. No. 1.)  In the Complaint, Max Sound alleges that VSL is a "British company having its principal place of business at 43 Overstone Road, London, United Kingdom W6 0AD."  (*Id.* at 2.)  The Complaint also refers to VSL as a "plaintiff pursuant to Rule 19 of the Federal Rules of Civil Procedure" and lists no counsel for VSL.  (*See id.* at 1, 12 (listing counsel for Max Sound but no counsel for VSL).)  Max Sound further alleges that "VSL is the owner by assignment of all rights, title, and interests in the Asserted Patent, and is entitled to sue for past and future infringement thereof" (*id.* at ¶ 9) and that "Max Sound and VSL have agreed that Max Sound shall have the right to enforce VSL's patent rights on VSL's behalf" (*id.* at ¶ 10).

## III.     LEGAL PRINCIPLES

### A.      Joinder of Involuntary Parties.

To survive a motion to dismiss under Rule 12(b)(7), a complaint must join all required parties under Rule 19.  *See* Fed. R. Civ. P. 12(b)(7); Fed. R. Civ. P. 19.  Under Rule 19, "[a] person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff."  Fed. R. Civ. P. 19(a)(2).

In patent infringement suits, the patent owner is a required party that must be joined.  *Star Navigation Sys. Grp. Ltd. v. Aeromechanical Servs.*, 2008 U.S. Dist. LEXIS 79444, at *6 (N.D. Cal. Aug. 18, 2008).  "A licensee's joinder of a patent owner as an involuntary plaintiff is improper in the absence of a showing that, *inter alia*, the patent owner 'is beyond the reach of process.'  If the patent owner can be served with process, the licensee must name the patent owner as a defendant and make him a party by service of process."  *Star Navigation Sys. Grp. Ltd.*, 2008 U.S. Dist. LEXIS 79444, at *2-3 (citing *Ind. Wireless Tel. Co. v. Radio Corp.*, 269 U.S. 459, 473 (1926)); Fed. R. Civ. P. 19(a)(2).  A "[patent] owner beyond the reach of process may be made a coplaintiff by the licensee, but not until after he has been requested to become such voluntarily."  *Ind. Wireless Tel. Co.*, 269 U.S. at 473.  "If the owner of a patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee as coplaintiff, the

licensee may make him a party defendant by process, and he will be lined up by the court in the party character which he should assume." *Id.* at 468.

### B.   Licensee Standing.

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff must establish that the Court has subject matter jurisdiction over the action. *Dominion Assets LLC v. Masimo Corp.*, Case No. 12-cv-02773-BLF, slip op. at 5 (N.D. Cal. June 27, 2014); Fed. R. Civ. P. 12(b)(1). Standing is a constitutional requirement pursuant to Article III and is thus an issue of subject matter jurisdiction properly addressed pursuant to a motion to dismiss under Rule 12(b)(1). *See Dominion Assets LLC*, slip op. at 6 (dismissing case pursuant to Rule 12(b)(1) motion to dismiss where plaintiff did not hold legal title to asserted patent when filing complaint); Fed. R. Civ. P. 12(b)(1). In a patent infringement suit, standing includes whether the plaintiff holds enforceable title to the patent at the inception of the lawsuit. *Dominion Assets LLC*, slip op. at 6. The Supreme Court has long recognized that licensees should not proceed in the absence of the patent owner as a party. *See Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891); *see also Star Navigation Sys. Grp. Ltd.*, 2008 U.S. Dist. LEXIS 79444, at *6 ("Exclusive licensees may bring actions for patent infringement only if the licensee joins the patent owner as a party.") (citing *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1194 (Fed. Cir. 2007)). Section 281 of the Patent Act "requires that the parties to an infringement suit will have the patentee on one side and the accused infringer on the other. Without the patentee as plaintiff, the remedies provided in the patent statute are unavailable except in extraordinary circumstances . . . ." 35 U.S.C. § 281; *Ortho Pharm. Corp. v. Genetics Inst. Inc.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995). If a plaintiff lacked standing when the complaint was filed, the suit must be dismissed. *See, e.g.*, *Propat Int'l Corp.*, 473 F.3d at 1189, 1194 (affirming dismissal of case where patent owner was not a party to suit); *Ortho Pharm. Corp.*, 52 F.3d at 1028 (same).

## IV.   ARGUMENT

Max Sound has failed to meet the requirements of Rule 19 with respect to the joinder of patent owner VSL, a required party, as an involuntary plaintiff. Rather than follow the proper procedure for joining a required party, Max Sound merely named VSL as a co-plaintiff "pursuant

1  to Rule 19," which is ineffectual to join VSL.  (Complaint at ¶ 2.)  Consequently, VSL, in its

2  capacity as an involuntary plaintiff, must be dismissed from the case.  As a result of VSL's

3  dismissal, Max Sound's complaint must also be dismissed because the patent owner—an

4  indispensable party—is not a party to the suit.

5         **A.**       **VSL Must Be Dismissed from This Case Due to Improper Joinder.**

6       As outlined above, to properly join VSL, Max Sound must either (1) join VSL as an

7  involuntary co-plaintiff and make the requisite showing or (2) name VSL as a defendant and serve

8  VSL with process.  Max Sound has done neither.

9       A licensee may name a patent owner as an involuntary plaintiff only if service cannot be

10  effected and the patent owner declines to join the case voluntarily.  *See Ind. Wireless Tel. Co.*, 269

11  U.S. at 468, 473; *see also Water Techs. Corp. v. Calco, Ltd.*, 576 F. Supp. 767, 771 (N.D. Ill.

12  1983).  Here, Max Sound has shown neither that VSL is beyond service of process nor that VSL

13  declined to join the case voluntarily.

14       Indeed, there is no reason to believe that VSL is beyond the reach of service under Federal

15  Rule of Civil Procedure 4.  To the extent that VSL, as a British corporation, cannot be served in a

16  judicial district of the U.S. under Rule 4(h)(1), Rule 4(h)(2) provides a number of alternatives.

17  Fed. R. Civ. P. 4(h).  VSL, for example, has not shown that service is impossible such as by means

18  "authorized by the Hague Convention," "as prescribed by the foreign country's law for service in

19  that country," "as the foreign authority directs in response to a letter rogatory or letter of request,"

20  "by delivering a copy of the summons and of the complaint to the [corporation] personally,"

21  "using any form of mail that . . . requires a signed receipt," or "by other means not prohibited by

22  international agreement, as the court orders."  Fed. R. Civ. P. 4(f); Fed. R. Civ. P. 4(h); *see also,*

23  *e.g.*, *Star Navigation Sys. Grp. Ltd.*, 2008 U.S. Dist. LEXIS 79444, at *4 (dismissing case where

24  plaintiff had not shown that patent owner named as an involuntary plaintiff could not be served

25  under Rule 4).  Thus, Max Sound has not demonstrated that this is a "proper case" under Rule 19,

26  such that a required involuntary patent owner may be named a plaintiff by the licensee.  *See*

27  *Sheldon v. W. Bend Equip. Corp.*, 718 F.2d 603, 606 (3rd Cir. 1983); *Ind. Wireless Tel. Co.*, 269

28  U.S. at 468-69; *Caprio v. Wilson*, 513 F.2d 837, 840 (1975); Fed. R. Civ. P. 19(a)(2).

In cases such as this, where service may be effected under the procedures outlined in Rule 4, the case is not a "proper case" under Rule 19 for naming an involuntary plaintiff. Rule 19, however, allows joinder of involuntary parties as defendants. Fed. R. Civ. P. 19. Thus, Rule 19 would allow Max Sound to file a complaint naming VSL as a **defendant**, to serve VSL with service of process, and to seek a court order to realign VSL as a co-plaintiff. *Ind. Wireless Tel. Co.*, 269 U.S. at 468; *Star Navigation Sys. Grp. Ltd.*, 2008 U.S. Dist. LEXIS 79444, at *3; Fed. R. Civ. P. 19(a)(2). But Max Sound has not named VSL as a defendant, has not served VSL with service of process, and has not sought a court order lining up VSL as a co-plaintiff. Instead, Max Sound only improperly named VSL as a co-plaintiff, which is insufficient to meet the requirements of Rule 19. Max Sound has failed to show why it should not be required to name VSL as a defendant. In particular, as discussed above, Max Sound fails to show that VSL is beyond the reach of process. Max Sound should not be permitted to circumvent the procedures of Rule 19 to join VSL as a party.

The court in *Star Navigation* considered this same issue and dismissed the improperly named co-plaintiff. *See Star Navigation Sys. Grp. Ltd.*, 2008 U.S. Dist. LEXIS 79444, at *5-6. In *Star Navigation*, the licensee named the patent owner in the complaint as an "involuntary plaintiff," but, like Max Sound, did not make a showing that the patent owner was beyond the reach of process or why it should otherwise escape the Rule 19 procedure to name the patent owner as a defendant. *Id.* at *3. Explaining that "joinder of a patent owner as an involuntary plaintiff is improper in the absence of a showing that, *inter alia*, the patent owner is 'beyond the reach of process,'" the *Star Navigation* court dismissed the improperly joined plaintiff from the case, as this Court should dismiss VSL here. *Id.* at *2-3.

Accordingly, because Max Sound did not follow the available procedure under Rule 19 to name VSL as a defendant and serve with process and instead improperly named VSL as a co-plaintiff, VSL should be dismissed from this case for being improperly joined.

**B.      This Case Must Be Dismissed Because Max Sound Lacks Standing to Sue Without Patent Owner VSL.**

The Supreme Court has long recognized that a patent owner is an indispensable party to an infringement suit brought by his licensee and that litigation should not proceed in the absence of the patent owner as a party.  *See Waterman*, 138 U.S. at 255.  By its own admission, Max Sound does not own the asserted patent:  "VSL is the owner by assignment of all rights, title, and interests in the Asserted Patent, and is entitled to sue for past and future infringement thereof." (Complaint at ¶ 9.)  Rather, Max Sound is merely a licensee that "ha[s] the right to enforce VSL's patent rights on VSL's behalf."  (Complaint at ¶ 10.)  As demonstrated above, VSL is improperly joined and must be dismissed from the present case.  But without the patent owner as a party to the case, Max Sound lacks standing to sue as a licensee, and the entire case must be dismissed.  *See, e.g., Propat Int'l Corp.*, 473 F.3d at 1189, 1194 (affirming dismissal of case where patent owner was not a party to suit); *Ortho Pharm. Corp.*, 52 F.3d at 1028 (same); *Star Navigation Sys. Grp. Ltd.*, 2008 U.S. Dist. LEXIS 79444, at *5-7 (dismissing complaint where licensee plaintiff had improperly joined patent owner as an "involuntary plaintiff" under Rule 19).  Accordingly, this case should be dismissed pursuant to Rules 12(b)(1) and 12(b)(7).

**V.      CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and dismiss the Complaint in its entirety.


Dated:  December 11, 2014                    WILSON SONSINI GOODRICH & ROSATI
                                             Professional Corporation


                                             By:_____/s/ *Stefani E. Shanberg*_____
                                                      Stefani E. Shanberg

                                             Attorneys for Defendants Google Inc.; YouTube, LLC; and On2 Technologies, Inc.