MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Fl, San Francisco, Ca 94108
Tel: (415) 981-7210

JAY W. EISENHOFER (pro hac vice to be submitted)
jeisenhofer@gelaw.com
GEOFFREY C. JARVIS (pro hac vice to be submitted)
gjarvis@gelaw.com
DEBORAH ELMAN (pro hac vice to be submitted)
delman@gelaw.com
ADAM J. LEVITT (pro hac vice to be submitted)
alevitt@gelaw.com
CATHERINE Ó SÚILLEABHÁIN (pro hac vice to be submitted)
cosuilleabhain@gelaw.com
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200, Chicago, Illinois  60602
Tel:  (312) 214-0000

CHRISTOPHER M. JOE (pro hac vice to be submitted)
Chris.Joe@BJCIPlaw.com
ERIC W. BUETHER (pro hac vice to be submitted)
Eric.Buether@BJCIPlaw.com
BRIAN A. CARPENTER (State Bar #262349)
Brian.Carpenter@BJCIPlaw.com
MARK A. PERANTIE (pro hac vice to be submitted)
Mark.Perantie@BJCIPlaw.com
BUETHER JOE & CARPENTER, LLC
1700 Pacific, Suite 4750, Dallas, Texas 75201
Tel: (214) 466-1272
**ATTORNEYS FOR PLAINTIFF MAX SOUND CORPORATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX SOUND CORPORATION and VEDANTI SYSTEMS LIMITED, | Case No. 5:14-cv-04412-EJD |
| Plaintiffs, | Honorable Judge Edward J. Davila |
| v. | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| GOOGLE, INC., YOUTUBE, LLC, and ON2 TECHNOLOGIES, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Max Sound Corporation ("Max Sound") files this First Amended Complaint for patent infringement against Defendants Google, Inc. ("Google"), YouTube, LLC ("YouTube"), On2 Technologies, Inc. ("On2") (collectively the "Google Defendants"), and Vedanti Systems Limited ("VSL") and allege as follows:

1.      This case arises out of the Google Defendants' willful infringement of United States Patent No. 7,974,339 entitled "Optimized Data Transmission System and Method" (the `339 Patent") and the Google Defendants' incorporation of this patented technology into products made, used, sold, offered for sale, and/or imported, including, but not limited to, VP8, VP9, WebM, H.264, YouTube, Google Adsense, Google Play, Android, Google TV, Chromebook, Google Drive, Google Chromecast, Google Play-per-view, Google Glasses, Google+, Google's Simplify, Google Maps and Google Earth.   In short, the Google Defendants' infringement pervades virtually every website and product offered by the Google Defendants and their subsidiaries.

2.      Despite Google's well-publicized Code of Conduct — "Don't be Evil" — which it explains is "about doing the right thing," "following the law," and "acting honorably," Google, in fact, has an established pattern of conduct that is the exact opposite of its claimed piety.

3.      Indeed, time and time again, Google has willfully infringed the patents and used the proprietary information of others without offering to compensate the owners of those patents and/or proprietary information.  This case is yet another example of the many occasions in which Google has unlawfully misappropriated, rather than developed for itself and/or paid for, valuable and proprietary technology that is core to the functioning of its many businesses and products.

## PARTIES

4.      Plaintiff Max Sound is a Delaware corporation having its principal place of business at 2902A Colorado Avenue, Santa Monica, California 90404.

5.      Defendant VSL is a British company having its principal place of business at 43 Overstone Road, London, United Kingdom W6 0AD.  VSL may be served with process by

LAW OFFICES OF
**WALKUP, MELODIA, KELLY
& SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

2

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT - CASE NO. 5:14-CV-04412-EJD

1    serving Constance Nash, the President and an officer of VSL.  VSL is named as a Defendant in

2    this action as the owner of the `339 Patent.

3          6.      Defendant Google is a corporation organized under the laws of the State of

4    Delaware, and has a principal place of business at 1600 Amphitheatre Parkway, Mountain View,

5    California 94043 and/or is conducting business through an affiliate located at this address.

6    Defendant Google has been served with process and has appeared in this action.

7          7.      On information and belief, Defendant YouTube is a limited liability company

8    organized under the laws of the State of Delaware, and headquartered in San Bruno, California.

9    YouTube is a wholly-owned subsidiary of Google.  YouTube is in the business of the sharing and

10    display of user-generated and corporate media video.  Available content on YouTube includes

11    video clips, TV clips, music videos, and other content such as video blogging, short original

12    videos, and educational videos.  Defendant YouTube has been served with process and has

13    appeared in this action.

14          8.      On information and belief, Defendant On2 is a corporation organized under the

15    laws of the State of Delaware, and has a principal place of business in Clifton Park, New York.

16    On2 is a wholly-owned subsidiary of Google.  On2, formerly known as The Duck Corporation,

17    engaged in the business of developing video compression technologies known as codecs.  In

18    February 2010, Google acquired On2 for an estimated $124.6 million.  On2 claims the authorship

19    of a number of video codecs, including video codecs known as VP8 and VP9.  On2 has been

20    served with process and has appeared in this action.

21                            **JURISDICTION AND VENUE**

22          9.      This civil action for patent infringement arises under the Patent Laws of the United

23    States, 35 U.S.C. §§ 1, *et seq.*  This Court has jurisdiction over the claims presented herein

24    pursuant to 28 U.S.C. §§ 1331 and 1338(a).

25          10.     The Google Defendants have been served with process and appeared in this action.

26          11.     VSL entered into a contract with Max Sound in the State of California pursuant to

27    which VSL granted Max Sound certain rights with respect to the `339 Patent (the "VSL

28

LAW OFFICES OF
**WALKUP, MELODIA, KELLY
& SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

3

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT - CASE NO. 5:14-CV-04412-EJD

1     Agreement") and has engaged in other business in California directly related to the `339 Patent.

2     This Court, therefore, has specific personal jurisdiction over VSL.

3          12.     The Google Defendants make, import, use, sell, and/or offer for sale the accused

4     instrumentalities identified in this amended complaint within the United States, including this

5     District, that infringe one or more claims of the `339 Patent.

6          13.     The `339 Patent was duly and legally issued by the United States Patent and

7     Trademark Office on July 5, 2011.  A true and correct copy of the `339 Patent is attached hereto as

8     Exhibit 1.

9          14.     VSL is the owner by assignment of all rights, title, and interests in the `339 Patent

10    and is entitled to sue for past and future infringement thereof.

11         15.     The VSL Agreement entered into between Max Sound and VSL provides that Max

12    Sound shall have the exclusive right to enforce VSL's patent rights on VSL's behalf.   In

13    particular, the VSL Agreement confers upon Max Sound an indefeasible right to exclude the

14    Google Defendants from practicing the patent and expressly provides that VSL has granted Max

15    Sound the exclusive right to sue the Google Defendants for infringement of the `339 Patent and to

16    settle any claim for infringement of the `339 Patent.  VSL, pursuant to the VSL Agreement, also

17    granted to Max Sound a worldwide license to VSL's Optimized Data Transmission System and

18    Method technology, including the technology claimed in the `339 Patent, for all fields of use.

19    Thus, Max Sound has standing to assert the claims for infringement of the `339 Patent against the

20    Google Defendants as set forth below.

21         16.     VSL is listed as a named defendant in the event the Court deems VSL to be a

22    necessary party to this action.

23         17.     A "codec" is a device or computer program capable of encoding or decoding a

24    digital data stream or signal.

25         18.     The Google Defendants are engaged in the business of making, using, selling

26    and/or offering for sale a variety of video computer programs, including those commonly referred

27    to as the VP8, VP9, H.264, and WebM video codecs (collectively the "Accused Codec

28    Instrumentalities").

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

4

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT - CASE NO. 5:14-CV-04412-EJD

19.     The Google Defendants embed these Accused Codec Instrumentalities into products that the Google Defendants make, use, and sell, including in this District, such as the Android operating system used in many mobile phones and tablet computers (collectively "the Accused Android Instrumentalities").

20.     The Google Defendants use these Accused Codec Instrumentalities to deliver video content from the Google Defendants' websites and products such as VP8, VP9, WebM, YouTube.com, Google Adsense, Google Play, Google TV, Chromebook, Google Drive, Google Chromecast, Google Play-per-view, Google Glasses, Google+, Google's Simplify, Google Maps and Google Earth (collectively the "Accused Website and Product Instrumentalities").

21.     The Google Defendants distribute software such as the Chrome web browser that implements the Accused Codec Instrumentalities (collectively the "Accused Software Instrumentalities").

22.     Collectively, the Accused Codec Instrumentalities, the Accused Android Instrumentalities, the Accused Website and Product Instrumentalities, and the Accused Software Instrumentalities comprise the "Accused Instrumentalities."

23.     On information and belief, the Google Defendants directly and/or indirectly import, manufacture, use, offer for sale, and/or sell the Accused Instrumentalities within the United States, including this District, that infringe one or more claims of the `339 Patent.

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

## GENERAL ALLEGATIONS

### VSL and the `339 Patent

25.     In 2001, Constance Nash, one of the two named inventors of the `339 Patent, had the goal of offering to the public an Internet subscription service to deliver digitized video of musical concerts via the Internet.

26.     After reviewing and testing numerous video compression and decompression technologies for use with such a subscription service, Ms. Nash concluded that none of the then-existing video compression technologies could provide the level of video quality necessary to launch the project.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

27.     The then-existing video standards resulted in jittery, low-quality video and sound for large-sized video files.

28.     The available technologies relied solely on compression, *i.e.*, the encoding of digital information by reducing the number of bits in the representation, by identifying and deleting unnecessary bits ("lossy" compression).

29.     Ms. Nash, with the collaboration of an associate Alex Krichevsky, conceived of and reduced to practice the technological concepts that ultimately became a video codec (the "VSL Codec") and the inventions disclosed in the `339 Patent.  The VSL Codec was created by VSL employees and personnel working under the direction of Ms. Nash.

30.     The VSL Codec implemented a proprietary and unique system of optimizing data transmission using methods for key frame partitioning, slicing and analyzing pixel variation of video content to significantly reduce the volume of digital video files, while minimizing any resulting loss of video quality.

31.     Ms. Nash and Mr. Krichevsky filed United States and numerous other international patent applications that covered some of the methods and systems used in the VSL Codec.

32.     On January 16, 2002, Ms. Nash and Mr. Krichevsky filed the United States patent application that resulted in the issuance of the `339 patent.

### Google, H.264, and VP8

33.     During the mid-to-late 2000s, video compression and streaming technology had become integral to Google products, including but not limited to the YouTube.com website, the Chrome web browser, and the Android mobile device operating system.

34.     Google and Google products began supporting a video codec known as H.264.

35.     The first version of the H.264 codec was completed in 2003 by a standardization committee called the Joint Video Team, which was formed by the Video Coding Experts Group and the Moving Pictures Experts Group.

36.     Since that time, H.264 has developed into a widely used codec with substantial penetration in the optical disc, broadcast, and streaming video markets.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

6

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT - CASE NO. 5:14-CV-04412-EJD

37.     MPEG LA, LLC ("MPEG LA"), a Colorado-based firm, licenses patent pools that cover essential patents necessary for use in various video codec standards.  MPEG LA is not related to the Moving Pictures Experts Group.

38.     MPEG LA was initially founded in the late 1990s by several international companies that owned patents necessary to practice the MPEG-2 video standard in order to pool those patents under a single entity for purposes of granting pooled licenses to those patents and to generate patent royalties.

39.     Since that time, MPEG LA has asserted that multiple video standards, including H.264, require a license to its pooled patents, and hundreds of companies have obtained licenses from MPEG LA for the rights to the H.264 patent pool.

40.     For many years Google refused to obtain a license from MPEG LA to cover its implementations of the H.264 standard, despite multiple notices from MPEG LA that Google required a license.

41.     Rather than obtaining a license from MPEG LA for Google's implementations of H.264, Google decided instead to seek alternatives to H.264 that would not require paying royalties to MPEG LA.

42.     VP8 is a video compression standard released by Defendant On2 in September 2008.

43.     As of September 2008, MPEG LA had not established a patent pool that covered the VP8 codec.

44.     In August 2009, Google targeted VP8 as a potential alternative to H.264 and initiated negotiations to acquire On2.

45.     In February 2010, Google completed the acquisition of On2.

46.     Through its acquisition of On2, Google obtained ownership of the VP8 codec and On2's patents and pending patent applications covering the VP8 codec, and possessed a potential alternative to avoid paying licensing royalties to MPEG LA.

47.     In May 2010, Google announced that its new WebM video file format would incorporate the VP8 codec.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT - CASE NO. 5:14-CV-04412-EJD

48.     YouTube now uses WebM/VP8 video and has committed to encode its entire portfolio of videos to WebM.

49.     WebM was enabled in the Google Android operating system in late 2010.

50.     After the release of WebM/VP8 by Google, however, numerous reviews by the public concluded that the video quality of WebM/VP8 was significantly weaker than the quality produced using H.264.

**Google's Discussions with VSL**

51.     In March 2010, with the understanding that WebM/VP8 was in desperate need of improvement, Alpesh Patel, VSL's CEO at that time, communicated with Google's Nikesh Arora to discuss licensing VSL's video technology and/or the possible acquisition of VSL and, subsequently, the `339 Patent, by Google.

52.     In April 2010, Mr. Patel and Megan Smith, Google's Vice President of New Business Development, executed a non-disclosure agreement ("NDA") for the purpose of engaging in negotiations regarding VSL's technology.

53.     During those negotiations, Laura Majerus, one of Google's in-house counsel, advised that if VSL's patent portfolio read on the H.264 video codec, then Google would seek to buy the technology or to acquire VSL.

54.     During the course of the negotiations and pursuant to the NDA, VSL provided a working VSL codec to Google for testing and analysis, and further provided copies of VSL's patents, patent applications (including the patent application that led to the `339 Patent), and claim charts comparing the inventions claimed in the `339 Patent to the H.264 standard.

55.     The parties continued to meet over the course of the next eight months.  During the course of those meetings, Google requested, and VSL provided, technical guidance to Google regarding the implementation of VSL's technology, the VSL Codec, and the inventions claimed in the `339 Patent.

56.     By December 2010, negotiations between the parties had stalled, and the parties terminated discussions.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

8

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT - CASE NO. 5:14-CV-04412-EJD

57.     On December 16, 2010, Google's employees shipped back to VSL materials that VSL had provided to Google pursuant to the NDA.  Ms. Majerus included a cover letter that provided an itemized list of documents and other things being returned to VSL pursuant to the NDA, with the only apparent missing components being the claim charts comparing the inventions claimed in the `339 Patent to the H.264 standard.

58.     On information and belief, Google began to incorporate VSL's patented technology into WebM/VP8 soon after it initiated negotiations with VSL and received from VSL confidential information regarding VSL's portfolio of patent rights.

59.     In addition, subsequent to the meeting between Google and VSL, Google and On2 incorporated various claims of the `339 Patent into patent applications without disclosing to the United States Patent and Trademark Office the `339 Patent or its underlying application as prior art or Ms. Nash or Mr. Krichevsky as prior inventors.  This incorporation of claims of the `339 Patent by Google and On2 into their patent applications reflects the Defendants' understanding that that they were incorporating VSL's patented technology into WebM/VP8 but wanted to conceal such unauthorized use of VSL's technology and falsely claim that technology to their own.

60.     Furthermore, upon information and belief, Google monitored the status of the application for the `339 Patent and became aware of the issuance of the `339 Patent shortly after its issuance.

## CLAIM FOR RELIEF

### (Infringement of the `339 Patent)

61.     Paragraphs 1 through 60 are incorporated as though fully set forth herein.

62.     Upon information and belief, the Google Defendants have been and now are directly infringing one or more claims of the `339 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the patented inventions, including but not limited to the various accused instrumentalities identified above (collectively the "Accused Instrumentalities").

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT - CASE NO. 5:14-CV-04412-EJD

63.     In addition and/or in the alternative, the Google Defendants have been and/or now are indirectly infringing one or more claims of the `339 Patent by inducing customers, consumers, and end users to use the Accused Instrumentalities to directly infringe one or more claims of the `339 Patent in violation of 35 U.S.C. § 271(b).

64.     Upon information and belief, the Google Defendants became aware of the existence of the `339 Patent prior to the initiation of litigation against them for infringement of the `339 Patent by Plaintiff.

65.     In spite of such notice, the Google Defendants and their subsidiaries have intended, and continue to intend, to induce patent infringement by its customers and users of the Accused Instrumentalities, and have had knowledge that the inducing acts would cause infringement or, alternatively, have been willfully blind to the possibility that its inducing acts would cause infringement, including but not limited to infringement of claims 1, 2, 3, 6, 7, 9, 10 and 12 of the `339 Patent.

66.     The Accused Instrumentalities comprise the systems claimed in one or more claims of the `339 Patent, and, when used as described in the Google Defendants' technical publications, perform the method(s) described and claimed in the `339 Patent.

67.     The Google Defendants have engaged in indirect infringement by providing their customers and end users with the infringing Accused Instrumentalities or access to those Accused Instrumentalities, and by providing instructions to enable those customers and end users to use the Accused Instrumentalities so as to practice the method(s) claimed in one or more claims of the `339 Patent.

68.     By way of example, and not as a limitation, the Google Defendants induce such infringement by at least making its Internet websites available to customers and end users and providing links and/or other directions on its websites and/or the Internet to instruct and teach users to use the Accused Instrumentalities in an infringing manner.

69.     Upon information and belief, the Google Defendants, prior to the institution of litigation against them for infringement of the `339 Patent by Plaintiff, have engaged in such activities inducing direct infringement by their customers and end users with knowledge of the

LAW OFFICES OF
**WALKUP, MELODIA, KELLY
& SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

10

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT - CASE NO. 5:14-CV-04412-EJD

`339 Patent and with the knowledge that such activities induced customers and end users to directly infringe the `339 Patent, or with willful blindness to such infringement.

70.     In addition, or, in the alternative, upon information and belief, the Google Defendants, prior to the institution of litigation against them for infringement of the `339 Patent by Plaintiff and with knowledge of the `339 Patent, have supplied the Accused Codec Instrumentalities to customers and end users with the knowledge that such Accused Codec Instrumentalities are especially made or adapted for use by their customers and end users in an infringing use of one or more claims of the `339 Patent.

71.     In particular, the Google Defendants have supplied various products, including but not limited to, VP8, VP9, WebM, H.264, YouTube, Google Adsense, Android, Google Play, Google TV, Chromebook, Google Drive, Google Chromecast, Google Play-per-view, Google Glasses, Google+, Google's Simplify, Google Maps and Google Earth to their customers and end user consumers with the intention that those products be used in an infringing manner.

72.     Upon information and belief, the Google Defendants have engaged in such activity with the knowledge that their customers and end users configure the Accused Codec Instrumentalities to encode and/or decode digital video resulting in direct infringement of one or more of the claimed method(s) of the `339 Patent by those customers and end users.

73.     Upon information and belief, the Accused Codec Instrumentalities supplied by the Google Defendants to their customers and end users are material to the functionality of the products made by those customers and end users using the Accused Codec Instrumentalities that infringe the `339 Patent, and there are no substantial non-infringing uses of the Accused Codec Instrumentalities by these customers and end users.

74.     The Google Defendants' infringement of the `339 Patent is and has been willful. Upon information and belief, the Google Defendants have had knowledge of the `339 Patent prior to the institution of litigation against them for infringement of the `339 Patent by Plaintiff. Further, the Google Defendants have engaged in their acts of infringement despite an objectively high likelihood that its actions constituted infringement of the `339 Patent, and this risk was known or so obvious that it should have been known to the Google Defendants.

LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

11

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT - CASE NO. 5:14-CV-04412-EJD

75. The Google Defendants' infringement of the `339 Patent has caused Max Sound damage, and such continued infringement will cause irreparable damage to Max Sound unless enjoined by this Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Max Sound requests the following relief:

(a) A judgment in favor of Max Sound that the Google Defendants have directly infringed, and/or have indirectly infringed by way of inducement, one or more claims of the `339 Patent and that such infringement has been willful;

(b) A judgment that Max Sound has been irreparably harmed by the Google Defendants' infringing activities and are likely to continue to be irreparably harmed by the Google Defendants' continued infringement;

(c) Imposition of preliminary and permanent injunctions prohibiting the Google Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with any of them, as well as all successors or assignees of the interests or assets related to the Accused Instrumentalities, from further infringement, direct and indirect, of the `339 Patent;

(d) A judgment and order requiring the Google Defendants to pay Max Sound damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the `339 Patent, including pre- and post-judgment interest and costs, including expenses and disbursements;

(e) A judgment awarding treble damages to Max Sound pursuant to 35 U.S.C. § 284, in view of the willful and deliberate nature of the infringement, with interest;

(f) A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Max Sound their attorneys' fees;

(g) Pre- and post-judgment interest as permitted by law; and

(h) Any and all such further necessary or proper relief as this Court may deem just.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

12

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT - CASE NO. 5:14-CV-04412-EJD

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Max Sound hereby

3   demands a trial by jury of all issues so triable.

4   Dated:  January 23, 2015                    **WALKUP, MELODIA, KELLY & SCHOENBERGER**

5

6          _/s/ Khaldoun A. Baghdadi_____
           KHALDOUN A. BAGHDADI

7          MICHAEL A. KELLY (State Bar #71460)
           mkelly@walkuplawoffice.com
8          KHALDOUN A. BAGHDADI (State Bar #190111)
           kbaghdadi@walkuplawoffice.com
9          MATTHEW D. DAVIS (State Bar #141986)
           mdavis@walkuplawoffice.com
10         **WALKUP, MELODIA, KELLY &**
           **SCHOENBERGER**
11         650 California Street, 26th Floor
           San Francisco, California 94108
12         Tel:  (415) 981-7210
           Fax:  (415) 391-6965

13

14         CHRISTOPHER M. JOE
           (admitted _pro hac vice_)
15         Chris.Joe@BJCIPlaw.com
           ERIC W. BUETHER
16         (admitted _pro hac vice_)
           Eric.Buether@BJCIPlaw.com
17         BRIAN A. CARPENTER (State Bar# 262349)
           Brian.Carpenter@BJCIPlaw.com
18         MARK A. PERANTIE
           (_pro hac vice_ to be submitted)
19         Mark.Perantie@BJCIPlaw.com
           **BUETHER JOE & CARPENTER, LLC**
20         1700 Pacific, Suite 4750
           Dallas, Texas  75201
21         Tel: (214) 466-1272
           Fax: (214) 635-1828

22

23         JAY W. EISENHOFER
           (_pro hac vice_ to be submitted)
           jeisenhofer@gelaw.com
24         GEOFFREY C. JARVIS
           (_pro hac vice_ to be submitted)
25         ADAM J. LEVITT
           (_pro hac vice_ to be submitted)
26         alevitt@gelaw.com
           DEBORAH ELMAN
27         (_pro hac vice_ to be submitted)
           delman@gelaw.com
28         CATHERINE Ó SÚILLEABHÁIN
           (_pro hac vice_ to be submitted)

LAW OFFICES OF
**WALKUP, MELODIA, KELLY**
**& SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

13

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT - CASE NO. 5:14-CV-04412-EJD

cosuilleabhain@gelaw.com
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 1200
Chicago, Illinois  60602
Tel:  (312) 214-0000
Fax:  (312) 214-0001

**Attorneys for Plaintiff Max Sound Corporation**

LAW OFFICES OF
**WALKUP, MELODIA, KELLY
& SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

14

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT - CASE NO. 5:14-CV-04412-EJD