DAVID P. BEITCHMAN (SBN 198953)
dbeitchman@bzlegal.com
ANDRE BONIADI (SBN 266412)
aboniadi@bzlegal.com
**BEITCHMAN & ZEKIAN, P.C.**
16130 VENTURA BLVD., SUITE 570
ENCINO, CALIFORNIA 91436
TELEPHONE: (818) 986-9100
FACSIMILE:   (818) 986-9119

*Attorneys for Defendant,*
VEDANTI SYSTEMS LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX SOUND CORPORATION and VEDANTI SYSTEMS LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE, INC., YOUTUBE, LLC, and ON2 TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. **5:14-cv-04412-EJD**<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT VEDANTI SYSTEMS LIMITED; DECLARATION OF DAVID P. BEITCHMAN**<br><br>**[Local Rule 11-5]**<br><br><br>**Date:          May 21, 2015**<br>**Time:          9:00 a.m.**<br>**Courtroom:     "4"** |

- 1 -

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR
DEFENDANT VEDANTI SYSTEMS LIMITED

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS' OF RECORD:**

PLEASE TAKE NOTICE that on May 21, 2015 at 9:00 a.m. in Courtroom "4" of the above-entitled Court located at 280 South 1st Street, San Jose, CA 95113, the Honorable Edward J. Davila presiding, the law firm of Beitchman & Zekian, P.C. ("Law Firm"), will and hereby does move this Court, pursuant to Local Rule 11-5, for an order permitting Law Firm to withdraw as counsel of record for Defendant VEDANTI SYSTEMS LIMITED ("Defendant" or "Client").

This motion is based upon this notice of motion, the memorandum of points and authorities, the declaration of attorney David P. Beitchman, all of the documents in the court's file herein, and such further evidence as may be presented at the time of hearing on the motion to compel.

DATED: March 6, 2015   **BEITCHMAN & ZEKIAN, P.C.**

       By:  /s/ Andre Boniadi
         David P. Beitchman,
         Andre Boniadi,
         BEITCHMAN & ZEKIAN, P.C.
         *Attorneys for Defendant,*
         VEDANTI SYSTEMS LIMITED

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT VEDANTI SYSTEMS LIMITED**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### <u>STANDARD OF REVIEW</u>

Pursuant to Local Rule 11-5, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The moving papers must disclose adequate grounds for excusing counsel from further representation in the particular case. Federal courts generally look to applicable state rules of professional conduct. *See Statue of Liberty–Ellis Island Foundation, Inc. v. International United Industries, Inc.* (SD NY 1986) 110 FRD 395, 397 (client's failure to pay agreed-upon attorney fees may be ground for an attorney to withdraw).

Accordingly, and pursuant to the California Rules of Professional Conduct ("CRPC"), the attorney-client relationship between Law Firm and Client has been irreparably damaged and warrants this motion for relief as counsel, particularly due to the following:

1. **The Client renders it unreasonably difficult for the Firm to carry out the representation effectively**. <u>CRPC, Rule 3-700(C)(1)(d)</u>. More specifically, there has been a conflict regarding how to proceed with the litigation as well as the scope of Law Firm's representation.

2. **The Client breached the retainer agreement and obligations to the Firm as to expenses or fees**. <u>CRPC, Rule 3-700(C)(1)(f)</u>. More specifically, Client has breached the express terms of the retainer agreement existing between the parties by failing to pay the accrued legal fees as required by said agreement.

As a result, Law Firm's representation of Defendant is no longer feasible and it is therefore necessary for Law Firm to withdraw as counsel. Additional facts giving

- 3 -

rise to this Motion are confidential and required to be kept confidential pursuant to California Business and Professions Code §6068(e), Rule 3-100(A) of the California Rules of Professional Conduct, and by the attorney-client privilege prescribed under Evidence Code §§ 950 *et seq.*

To that end, and in deference to the attorney-client communication privilege, Law Firm respectfully declines to provide further additional information in this public filing, but can and will provide for the Court's *in camera* review, further information in regards to this matter.

Pursuant to Local Rule 11-5, written notice of the herein motion has been given by Law Firm reasonably in advance to the Client and to all other parties who have appeared in the case.

Pursuant to Local Rule 7-3(a), any "opposition must be filed and served not more than 14 days after the motion was filed." This motion was submitted for filing on March 9, 2015. Thus, any opposition must be filed on or before <u>March 23, 2015</u>.

DATED: March 6, 2015      **BEITCHMAN & ZEKIAN, P.C.**

By:    /s/ Andre Boniadi
       David P. Beitchman,
       Andre Boniadi,
       BEITCHMAN & ZEKIAN, P.C.
       *Attorneys for Defendant,*
       VEDANTI SYSTEMS LIMITED

- 4 -

# DECLARATION OF DAVID P. BEITCHMAN

I, David P. Beitchman, hereby declare as follows:

1.      I am an attorney duly licensed to practice before all courts of the State of California and principal managing partner of Beitchman & Zekian, P.C., attorneys of record herein for Defendant VEDANTI SYSTEMS LIMITED ("Defendant" or "Client"). I make this declaration in support of my firm Beitchman & Zekian P.C.'s ("Law Firm") Motion to Withdraw as Counsel of Record for Defendant. I have personal knowledge of the facts herein alleged and if called upon to testify thereto, I could and would competently do so.

2.      The attorney-client relationship between Law Firm and Client has been irreparably damaged and warrants this motion for relief as counsel, particularly due to the following:

        a. **The Client renders it unreasonably difficult for the Firm to carry out the representation effectively**. CRPC, Rule 3-700(C)(1)(d).  More specifically, there has been a conflict regarding how to proceed with the litigation as well as the scope of Law Firm's representation.

        b. **The Client breached the retainer agreement and obligations to the Firm as to expenses or fees**. CRPC, Rule 3-700(C)(1)(f).  More specifically, Client has breached the express terms of the retainer agreement existing between the parties by failing to pay the accrued legal fees as required by said agreement.

3.      Law Firm's representation of Defendant is no longer feasible and it is therefore necessary for Law Firm to withdraw as counsel.

4. Additional facts giving rise to this Motion are confidential and required to be kept confidential pursuant to California Business and Professions Code §6068(e), Rule 3-100(A) of the California Rules of Professional Conduct, and by the attorney-client privilege prescribed under Evidence Code §§ 950 *et seq.*

5. To that end, and in deference to the attorney-client communication privilege, Law Firm respectfully declines to provide further additional information in this public filing, but can and will provide for the Court's *in camera* review, further information in regards to this matter.

6. Pursuant to Local Rule 11-5, written notice of the herein motion has been given by Law Firm reasonably in advance to the Client and to all other parties who have appeared in the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: 3/6/2015                                   /s/ David P. Beitchman
                                                          David P. Beitchman, declarant

- 6 -