1   STEFANI E. SHANBERG (State Bar No. 206717)
    JENNIFER J. SCHMIDT (State Bar No. 295597)
2   ROBIN L. BREWER (State Bar No. 253686)
    MICHAEL J. GUO (State Bar No. 284917)
3   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
4   One Market Plaza
    Spear Tower, Suite 3300
5   San Francisco, California 94105
    Telephone: (415) 947-2000
6   Facsimile: (415) 947-2099
    E-Mail:      sshanberg@wsgr.com
7                rbrewer@wsgr.com
                 jschmidt@wsgr.com
8                mguo@wsgr.com

9   Attorneys for Defendants
    GOOGLE INC.; YOUTUBE, LLC; and
10  ON2 TECHNOLOGIES, INC.

11                  **UNITED STATES DISTRICT COURT**

12                 **NORTHERN DISTRICT OF CALIFORNIA**

13                        **SAN JOSE DIVISION**

14  MAX SOUND CORPORATION and            Case No. 5:14-cv-04412-EJD
    VEDANTI SYSTEMS LIMITED,
15                                        **DEFENDANTS GOOGLE INC.,**
                   Plaintiffs,            **YOUTUBE, LLC, AND ON2**
16                                        **TECHNOLOGIES, INC.'S REPLY**
         v.                               **BRIEF IN SUPPORT OF MOTION TO**
17                                        **DISMISS FOR FAILURE TO STATE A**
    GOOGLE INC., YOUTUBE, LLC, and ON2    **CLAIM**
18  TECHNOLOGIES, INC.,
                                          Date:  April 30, 2015
19                 Defendants.            Time:  9:00 am
                                          Place: Courtroom 4, 5th Floor
20                                        Judge: Honorable Edward J. Davila

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION.................................................................................................................1

II. ARGUMENT .....................................................................................................................2

    A.    Plaintiff Incorrectly Focuses on the Objective Prong of 35 U.S.C. § 112(2) While Failing to Address the Subjective Prong of the Statute that Requires a Determination of What the Applicants Regard as Their Invention. ............................................................................................3

    B.    Whether the Applicants' Amendment and the Examiner's Amendment Are Procedurally Proper Is Irrelevant, as They Simply Serve as Evidence of What Applicants Regard as Their Invention. .......................4

    C.    The Omitted Claim Language Is Essential to Patentability. ....................................5

        1.    Plaintiff Misapplies *Lucent* and *Group One*, which Require Invalidation of the Asserted Patent. ................................................5

        2.    The Issued Claims Are Different from What the Applicants Regard as Their Invention in Contravention of 35 U.S.C. § 112(2).........................8

        3.    The Omitted Language Is Limiting Even as Part of the Preamble..............9

    D.    Claim Construction Is Unnecessary and Improper Because, as Plaintiff Implicitly Concedes, the Omitted Preamble Language is not Apparent from the Face of the Claims. ...............................................................10

III. CONCLUSION ................................................................................................................11

## TABLE OF AUTHORITIES

**Page**

### CASES

*Allen Eng'g Corp. v. Bartell Indus.*, 299 F.3d 1336 (Fed. Cir. 2002)...................................2, 3, 4, 8

*Brandywine Commc'ns Techs., LLC v. AT&T Corp.*, C.A. No. C 12-2494 CW,
     2014 U.S. Dist. LEXIS 54370 (N.D. Cal. Apr. 18, 2014)...................................................10

*DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014) .....................................4

*Grp. One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297 (Fed. Cir. 2005) .............................5, 7, 10

*Linear Tech. Corp. v. Micrel, Inc.*, 524 F. Supp. 2d 1147 (N.D. Cal. Nov. 11, 2005) .....................5

*Lucent Techs., Inc. v. Gateway, Inc.*, CA. No. 02-cv-02060, slip op. (S.D. Cal. Aug.
     11, 2005)............................................................................................................. *passim*

*Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014)................................................3, 10

*NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005)............................................9

*Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372 (Fed. Cir. 2000)..................................................3

*Sw. Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280 (Fed. Cir. 2000)..............................................5

*Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709 (Fed. Cir. 2014) .......................................................11

*Vizio, Inc. v. Int'l Trade Comm'n*, 605 F.3d 1330 (Fed. Cir. 2010)...................................................9

### STATUTES

35 U.S.C. § 112(2) .......................................................................................................... *passim*

35 U.S.C. § 251 ...........................................................................................................................5

### RULES

37 C.F.R. § 1.322 .........................................................................................................................5

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................1

### MISCELLANEOUS

MPEP 708.02 .......................................................................................................................2, 5, 9

**TABLE OF ABBREVIATIONS**

| | |
|---|---|
| Plaintiff Max Sound Corporation | Max Sound or Plaintiff |
| Patent Owner Vedanti Systems Limited | VSL |
| Defendant Google Inc. | Google |
| Defendant YouTube, LLC | YouTube |
| Defendant On2 Technologies, Inc. | On2 |
| Defendants Google, YouTube, and On2, collectively | Defendants |
| U.S. Patent No. 7,974,339 | '339 patent or asserted patent |
| United States Patent and Trademark Office | PTO |
| First Amended Complaint, Dkt. No. 23 | Amended Complaint |
| Defendants Google Inc., YouTube, LLC, and On2 Technologies, Inc.'s Motion to Dismiss for Failure to State a Claim, Dkt. No. 28 | opening brief or Opening Br. |
| Declaration of Jennifer J. Schmidt in Support of Defendants' Motion to Dismiss, Dkt. No. 29 | Schmidt Decl. |
| Plaintiff Max Sound's Opposition to Defendants' Motion to Dismiss, Dkt. No. 37 | opposition or Opp. Br. |
| Declaration of Niky Bukovcan, Dkt. No. 38 | Bukovcan Decl. |

## I.      INTRODUCTION

In its opposition, Plaintiff never addresses the crux of Defendants' motion to dismiss detailing that the issued claims fail to meet the statutory requirement to set forth "the subject matter which the applicant regards as his invention." *See* 35 U.S.C. § 112(2).  Instead, Plaintiff focuses on irrelevant ancillary issues, such as other sections of the statute, arcane procedural requirements of patent prosecution, the PTO's original allowance of the issued claims, and misplaced claim construction arguments.[1]  Ultimately, none of Plaintiff's distractions properly disputes that the issued claims fail to include the necessary phrase "data optimization instead of data compression" and other terms that would satisfy the statutory requirement that the claims set forth "the subject matter that the applicant[s] regard[] as [their] invention."  The issued claims are both broader than and different from the allowed claims, and they must be invalidated under 35 U.S.C. § 112(2).  Because, as Plaintiff implicitly concedes, the claims have no indication on their face of the requisite omitted language, the Court cannot correct the claims.  Instead, the patentee must file for a certificate of correction, which it has not done, and any resulting certificate of correction will not be effective for the purposes of this pending action.  Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's complaint should be dismissed for failure to state a claim for infringement of the '339 patent.

---

[1] Despite Defendants' motion to dismiss being purely a question of invalidity under 35 U.S.C. § 112(2), Plaintiff's opposition also includes unsubstantiated allegations of misappropriation, which are absent from its complaint.  *See* Opp. Br. at 1; Amended Complaint.  Plaintiff also includes discussion regarding German proceedings that do not involve the claims of the '339 patent and that are thus irrelevant to the present case.  *See* Opp. Br. at 8 n.7.  Even more tellingly, it appears that Patent Owner VSL, or a related entity, is party to the German proceedings but is still not party to this case despite the original complaint being filed half a year ago.  *See* Bukovcan Decl., Ex. 15 at 1; Bukovcan Decl., Ex. 16 at 1.  Rather than join Plaintiff Max Sound in its attempts to assert an indefinite patent, Patent Owner VSL has delayed answering twice, and VSL's counsel has filed an unopposed motion to withdraw.  *See* Defendant Vedanti Systems Limited's Notice of Motion and Motion for Extension of Time to File a Responsive Pleading to Plaintiff Max Sound Corporation's First Amended Complaint, Dkt. No. 32; Motion to Withdraw as Counsel of Record for Defendant Vedanti Systems Limited, Dkt. No. 36; Amended Stipulation and [Proposed] Order to Extend Time for Vedanti Systems Limited to Respond to Amended Complaint, Dkt. No. 47.  As noted in Defendants' opening brief, it is relevant that Plaintiff appears to lack Patent Owner VSL's cooperation to obtain a certificate of correction.  *See* Opening Br. at 5, 11-12.

II.     **ARGUMENT**

As discussed in Defendants' opening brief, one of the statutory requirements for patentability is that the claims must set forth "the subject matter which the applicant regards as his invention." *See* 35 U.S.C. § 112(2); *Allen Eng'g Corp. v. Bartell Indus.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002) (invalidating claim under Section 112(2) because invention set forth in claim is not what patentee regarded as his invention as evidenced by contradictory specification); *Lucent Techs., Inc. v. Gateway, Inc.*, CA. No. 02-cv-02060, slip op. at 7 (S.D. Cal. Aug. 11, 2005) (invalidating claim under Section 112(2) for failing to claim what applicants regard as their invention as evidenced by claims applicants presented to PTO); Opening Br. at 6-10.

Here, the issued claims do not set forth "the subject matter which the applicant regards as his invention" because they lack the negative limitation that the invention is one of "data optimization instead of data compression" and other limiting claim terms, as evidenced by the applicants' Amendment dated April 1, 2011, and repeated assertions from the prosecution history, along with the applicants' statements in the specification.  *See* Schmidt Decl., Ex. E ('339 Prosecution, Amendment dated April 1, 2011); Schmidt Decl., Ex. G ('339 Prosecution, Examiner Amendment dated June 1, 2011); Schmidt Decl., Ex. J at 2 ('339 Prosecution History, Declaration of Constance Nash dated July 20, 2006); Schmidt Decl., Ex. I at 1 ('339 Prosecution History, Petition and Statement under 37 CFR §1.102(D) and MPEP 708.02 (XI) for Advancement of Examination dated July 21, 2006); Schmidt Decl., Ex. A at 17 ('339 Prosecution History, Amendment dated January 24, 2011); Schmidt Decl., Ex. C at 17 ('339 Prosecution History, Supplemental Amendment dated January 24, 2011); Amended Complaint, Ex. 1, '339 patent at 1:13-39, 1:54-63, 2:43-46; Opening Br. at 7-10.

Rather than address whether the issued claims of the '339 patent meet this statutory requirement, Plaintiff focuses on ancillary issues, none of which is relevant to whether the claims set forth "the subject matter which the applicant regards as his invention." *See generally* Opp. Br.

**A.      Plaintiff Incorrectly Focuses on the Objective Prong of 35 U.S.C. § 112(2) While Failing to Address the Subjective Prong of the Statute that Requires a Determination of What the Applicants Regard as Their Invention.**

In its opposition, Plaintiff focuses almost entirely on whether the claims provide objective direction to one of skill in the art.  *See* Opp. Br. at 9-12.  But that is not the relevant test.  As explained in Defendants' opening brief, "the second paragraph of § 112 contains **two** requirements: '***first, [the claim] must set forth what the applicant regards as his invention***, and second, it must do so with sufficient particularity and distinctness, i.e., the claim must be sufficiently definite.'"  *Allen Eng'g Corp. v. Bartell Indus.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002) (quoting *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1377 (Fed. Cir. 2000)) (internal quotes omitted andemphasis added); Opening Br. at 6.

Defendants' motion to dismiss focuses only on the **first** requirement, which does not require an evaluation of what one skilled in the art would view as the scope of the invention or that the claims reflect what the examiner decides is allowable, but rather a determination of whether the claims set forth "the subject matter which the applicant regards as his invention."   *See* 35 U.S.C. § 112(2).  *Contra* Opp. Br. at 9-11.  As indicated by the plain language of the statute, what "the applicant[s] regard[] as [their] invention" must involve a subjective inquiry.  *See Allen Eng'g*, 299 F.3d at 1349 (looking to specification for support as to what patentee regarded as his invention); *Lucent*, slip op. at 7 (looking to claims applicants presented to PTO as evidence of what they regarded as their invention).  If the claims do not set forth what the applicants regard as their invention, then the claims must be invalid under 35 U.S.C. § 112(2).  *See Allen* Eng'g, 299 F.3d at 1349 (invalidating claim under Section 112(2) for failing to set forth what applicant regarded as his invention); *Lucent*, slip op. at 7 (same).

As such, Plaintiff's reliance on what one skilled in the art would view as the invention is misplaced, as it relates only to the **second** requirement of 35 U.S.C. § 112(2).  *See, e.g.*, *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014) (only addressing test for whether specification 'conclude[s] with one or more claims *particularly pointing out and distinctly claiming* the subject matter which the applicant regards as [the] invention") (citing 35 U.S.C. § 112(2)) (emphasis in original); *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1260

1  (Fed. Cir. 2014) (deciding only whether claim term particularly pointed out and distinctly claimed

2  invention); Opp. Br. at 10.

3      **B.      Whether the Applicants' Amendment and the Examiner's Amendment Are**
           **Procedurally Proper Is Irrelevant, as They Simply Serve as Evidence of What**
4          **Applicants Regard as Their Invention.**

5          Plaintiff next puts forward a red herring concerning whether the applicants' Amendment

6  and the Examiner's Amendment meet procedural nuances of the Manual for Patent Examination

7  Procedure ("MPEP").  *See* Opp. Br. at 12-13, 18-20.  But whether the Amendment dated April 1,

8  2011, and the Examiner's Amendment comply with the MPEP has nothing to do with whether the

9  issued claims are indefinite under 35 U.S.C. § 112(2).  Defendants need not show that the

10  applicants' Amendment and the Examiner's Amendment were procedurally correct, that they were

11  "'essential' or 'key' to the allowability of these claims," or that the PTO inadvertently "omitted"

12  or "overlooked" the "data optimization instead of data compression" language from the issued

13  claims.  *See* Opp. Br. at 12, 19-20.

14          Rather, Defendants must show that the claims do not set forth what "the applicant[s] regard

15  as [their] invention," as required by 35 U.S.C. § 112(2).  *See* Opening Br. at 7-9.  To determine

16  what the applicants regard as their invention, courts rely on the applicants' statements from the

17  specification and prosecution history.  *See Allen Eng'g*, 299 F.3d at 1349 (relying on patentee's

18  statements in specification as indicating what he regarded as his invention); *Lucent*, slip op. at 7

19  (defining "the subject matter which the applicants regarded as their invention" to mean the claims

20  the applicants presented to the PTO).

21          Here, the Amendment dated April 1, 2011, and the resulting Examiner's Amendment both

22  show that the issued claims are not what the applicants regard as their invention because the

23  applicants attempted to amend the originally allowed claims.  *See* Schmidt Decl., Ex. E ('339

24  Prosecution, Amendment dated April 1, 2011); Schmidt Decl., Ex. G ('339 Prosecution, Examiner

25  Amendment dated June 1, 2011).  Even if the missing language was "deliberately omitted" from

26  the issued claims, as Plaintiff infers without support, *see* Opp. Br. at 3, the omitted language is still

27  indicative of "what the applicant[s] regard[] as [their] invention" as required under 35 U.S.C.

28  § 112(2).  That the omitted language is necessary for the claims to be definite is amply supported

DEFENDANTS' REPLY BRIEF RE: MOT. TO
DISMISS FOR FAILURE TO STATE CLAIM        - 4 -
Case No. 5:14-cv-04412-EJD

1   by the applicants' repeated statements from the prosecution history and the specification

2   concerning what they regarded as the scope of the invention.[2]  *See* Schmidt Decl., Ex. J at 2 ('339

3   Prosecution History, Declaration of Constance Nash dated July 20, 2006); Schmidt Decl., Ex. I at

4   1 ('339 Prosecution History, Petition and Statement under 37 CFR §1.102(D) and MPEP 708.02

5   (XI) for Advancement of Examination dated July 21, 2006); Schmidt Decl., Ex. A at 17 ('339

6   Prosecution History, Amendment dated January 24, 2011); Schmidt Decl., Ex. C at 17 ('339

7   Prosecution History, Supplemental Amendment dated January 24, 2011); Amended Complaint,

8   Ex. 1, '339 patent at 1:13-39, 1:54-63, 2:43-46; Opening Br. at 7-10.

9          Moreover, that the Examiner's Amendment was not entered does not obviate the patentee's

10  ongoing duty to correct the issued claims with a certificate of correction, particularly since the

11  applicants clearly were aware that the language reflecting what they regarded as their invention

12  was missing from the issued claims.  *See Grp. One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297,

13  1303 (Fed. Cir. 2005) (citing *Sw. Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1295 (Fed. Cir.

14  2000)); *Linear Tech. Corp. v. Micrel, Inc.*, 524 F. Supp. 2d 1147, 1153-56 (N.D. Cal. Nov. 11,

15  2005).  *Contra* Opp. Br. at 11.  Without the requisite certificate of correction,[3] the issued claims

16  do not set forth "the subject matter which the applicant[s] regard[] as [their] invention."

17          **C.      The Omitted Claim Language Is Essential to Patentability.**

18                  **1.      Plaintiff Misapplies *Lucent* and *Group One*, which Require Invalidation
                            of the Asserted Patent.**

19

20          Plaintiff nonsensically claims that Defendants misread *Lucent*, as the *Lucent* court found

21  the asserted claim invalid because the issued claim was broader than the allowed claim, rather than

22  simply different from the allowed claim.  *See* Opp. Br. at 10-11.  Indeed, Defendants put forward

23  ────────────

24  [2] Further, Plaintiff's red herring hinges on a mere technicality.  *See* Opp. Br. at 19-20.  The pro se
    applicants, who were likely unfamiliar with the MPEP, submitted the Amendment dated April 1,
25  2011, only three days after payment of the issuance fee.  *See* Schmidt Decl., Ex. E ('339
    Prosecution History, Amendment dated April 1, 2011); Bukovcan Decl., Ex. 12 (Electronic
26  Acknowledge Receipt dated March 29, 2011).  Regardless, the procedural effectiveness of
    applicants' Amendment and the Examiner's Amendment is inapposite.

27  [3] Alternatively, Patent Owner VSL, but not Plaintiff, could file for a reissue if the PTO does not
28  deem the omitted language to be mistakenly omitted as required by 37 C.F.R. § 1.322.  *See* 35
    U.S.C. § 251.

1    this very reading of *Lucent*.  *See* Opening Br. at 10 (summarizing *Lucent* as "holding that claim

2    that issued in broader form than allowed by PTO 'is invalid . . .'"); *id.* (describing *Lucent* as

3    "finding that 'Claim 13 and its dependent claims, as issued, are indefinite because these claims are

4    broader than the claims that were allowed by the PTO'").  Under *Lucent*, issued claims that are

5    broader than the allowed claims are invalid under 35 U.S.C. § 112(2).  *Lucent*, slip op at 7.

6            Plaintiff then misapplies this reading of *Lucent* to the issued claims of the asserted patent,

7    in part by arguing that the issued claims are no broader than the allowed claims.[4]  *See* Opp. Br. at

8    11, 14-17 (conclusorily arguing that issued claims are not invalid as indefinite under *Lucent*).

9    Without identifying any specific language within the claims that limits the scope of the invention

10   to optimization, Plaintiff insists that "the express language of the body of the claims alone makes

11   it clear the scope of the issued claims encompasses data transmission using data optimization and

12   does not require or involve data compression."  Opp. Br. at 14.

13           But the claims themselves reveal this assertion to be false.  *See* Amended Complaint, Ex.

14   1, cls. 1-13.  Here, as in *Lucent*, the issued claims are plainly broader than the allowed claims in

15   the examiner's June 1, 2011 amendment, because the issued claims lack the limitation "data

16   optimization instead of data transmission."  *See* Opening Br. at 7-11; *supra* Section II.C.  Aside

17   from claim 7, none of the claims even contains the word "optimization" or variants thereof.  *See*

18   *id.*, cls. 1-13.  And in claim 7, the word "optimized" merely modifies the phrase "matrix data,"

19   such that the plain language of the claim does not reflect that the transmitted data is optimized

20   instead of compressed.  *See id.*, cl. 7.  The claims also do not use the term "compression," or

21   variants thereof, much less the phrase "data optimization instead of data compression" or anything

22   relating to that phrase.  *See id.*, cls. 1-13.  As such, on their face, the claims have no indication of

23   this limited scope.  Without language narrowing the claims to data optimization instead of data

24   _____

     [4] To obfuscate, Plaintiff appears to use a definition of "allowed claims" different from
25   Defendants'.  *See, e.g.*, Opp. Br. at 2 (stating that issued claims are same as allowed claims).
     Plaintiff appears to refer to the claims from the Examiner's Amendment attached to the Notice of
26   Allowability as the "allowed claims."  *See* Opp. Br. at 2; Bukovcan Decl., Ex. 8 at 8-10.  But
     throughout the opening brief, Defendants refer to the claims from the final Examiner's
27   Amendment as the "allowed claims."  *See* Opening Br. at 3-4 (comparison of issued claims to
     allowed claims); Schmidt Decl., Ex. G ('339 Prosecution, Examiner Amendment dated June 1,
28   2011).  Given this use of "allowed claims," the issued claims are clearly different because they
     omit the phrase "data optimization instead of data compression."  *See* Opening Br. at 3-4.

1    compression, the issued claims must be broader than the allowed claims, which do contain that

2    limitation.  *See* Opening Br. at 10.  In addition, there are other missing limitations that also render

3    the issued claims broader than the allowed claims.  As detailed in Defendants' opening brief, the

4    allowed claims add the term "frame" to modify "analysis system" and "display" in claim 1 and

5    add the limitation of "transmitting region data" only "for each region" in claim 10 (prosecuted as

6    claim 16).  *See* Opening Br. at 3.  Without the modifier "frame," claim 1 reads broadly on any

7    analysis system and on any display.  *See id.*  Likewise, issued claim 10 would read broadly on

8    "transmitting region data" without it being only "for each region."  Thus, the issued claims are

9    broader than the allowed claims and are invalid under *Lucent*.

10          Similarly, Plaintiff misreads and misapplies *Group One* by morphing the holding of *Group*

11   *One* into one concerning whether omitted language was essential to validity over the prior art.  *See*

12   Opp. Br. at 10.  Indeed, as Plaintiff admits, whether the omitted language was essential to validity

13   was not disputed in *Group One*.  *See id.*  And as detailed in Defendants' opening brief, whether

14   the language is essential to validity is irrelevant, as *Group One* stands primarily for the proposition

15   that an uncorrected patent is indefinite where the claims omit a phrase from the claim.  *See*

16   *generally Grp. One*, 254 F.3d 1041; *accord Lucent*, slip op. at 4-5 ("In *Group One Ltd. v.*

17   *Hallmark Cards, Inc.* the Federal Circuit affirmed a trial court finding that an uncorrected patent

18   was indefinite.  There, a transcription error by the PTO resulted in the deletion of a phrase from

19   Group One's patent.  Because of the nature of the deletion, someone reading the *Group One* patent

20   could not discern what language is missing from the patent simply by reading the patent.")

21   (citations and quotes omitted); Opening Br. at 6.  Here, as in *Group One*, the uncorrected claims of

22   the '339 patent lack the language "data optimization instead of data compression" and other

23   language that limits the claims to what "the applicant[s] regard[] as [their] invention."  *See supra*

24   Sections II.A-II.B.  And as in *Group One*, someone reading the '339 patent would not be able to

25   discern what language is missing from the patent simply by reading the claims because the claims,

26   as issued, are grammatically correct.  *See* Opening Br. at 11.  Thus, under both *Group One* and

27   *Lucent*, the claims of the '339 patent must be invalid.

28

1
2

**2.     The Issued Claims Are Different from What the Applicants Regard as
Their Invention in Contravention of 35 U.S.C. § 112(2).**

3       Even without application of *Lucent*, the claims would still be invalid because the statute

4   requires that the claims set forth "the subject matter which the applicant regards as his invention."

5   *See* 35 U.S.C. § 112(2).  And the plain language of the statute contains no requirement that the

6   claims be "broader" than what the applicant regards as his invention to be invalid.  *See* Opp. Br. at

7   11.  Further, courts have not limited the statute in such a manner.

8       As shown in Defendants' opening brief and unrebutted by Plaintiff, the Federal Circuit has

9   held that "[w]here it would be apparent to one of skill in the art, based on the specification, that

10  the invention set forth in a claim is not what the patentee regarded as his invention, we must hold

11  that claim invalid under § 112, paragraph 2." *Allen Eng'g*, 299 F.3d at 1349; *see also* Opening Br.

12  at 10; *see also generally* Opp. Br.  In *Allen*, the Federal Circuit found invalid claims reciting that a

13  gear box pivoted "only in a plane perpendicular to" a biaxial plane, whereas the specification

14  directly contradicted the claims, stating that the gear box "cannot pivot in a plane perpendicular to

15  the biaxial plane." *Id.*

16      Here, as in *Allen*, the issued claims also directly contradict the applicants' statements as to

17  what they regard as their invention, as evidenced by the specification and prosecution history,

18  because the issued claims lack language limiting the systems and methods to "data optimization

19  instead of data compression."  *See* Opening Br. at 10.  Furthermore, as detailed in Defendants'

20  opening brief, there are numerous other differences between the allowed claims and the issued

21  claims that fail to bring the issued claims within the requirements of 35 U.S.C. § 112(2).  For

22  example, the allowed claims add the term "frame" to modify "analysis system" and "display" in

23  claim 1, remove the term "selection" to modify "pixel data" in claims 7 and 13 (prosecuted as

24  claims 11 and 16), and add the limitation of "transmitting region data" only "for each region" in

25  claim 13. *See* Opening Br. at 3.  Because the issued claims are not what "the applicant[s] regard[]

26  as [their] invention," as required by statute, the claims must be indefinite and invalid.

27
28

1            **3.      The Omitted Language Is Limiting Even as Part of the Preamble.**

2          Relatedly, Plaintiff's argument that the omitted language "data optimization instead of data

3    compression" would be non-limiting merely because it forms part of the preamble is also

4    incorrect.  *See* Opp. Br. at 13.  As the Federal Circuit has held, "if the preamble helps to determine

5    the scope of the patent claim, then it is construed as part of the claimed invention."  *NTP, Inc. v.*

6    *Research in Motion, Ltd.*, 418 F.3d 1282, 1305-06 (Fed. Cir. 2005).  Likewise, when the language

7    of a preamble presents "the essence or a fundamental characteristic of the claimed invention," it is

8    limiting.  *Vizio, Inc. v. Int'l Trade Comm'n*, 605 F.3d 1330, 1341-42 (Fed. Cir. 2010) (finding that

9    the language "for decoding" in preamble was properly construed as claim limitation because

10   "'decoding' is the essence or a fundamental characteristic of the claimed invention").

11         As in *Vizio*, both the specification and the applicants' repeated assertions in the

12   prosecution history clearly support that "data optimization instead of data compression" is the

13   essence or a fundamental characteristic of the claimed invention, and the omitted language

14   expressly narrows the scope of the invention to the exclusion of data transmission.  *See, e.g.*,

15   Amended Complaint, Ex. 1 at 1:36-39 ("In particular, a system and method for data transmission

16   are provided that use data optimization instead of compression, so as to provide a mixed lossless

17   and lossy data transmission technique."), 1:57-63 ("The present invention uses data optimization

18   to transmit only the data that is necessary for the application, such that decompression of the data

19   on the receiving end is not required.  In this manner, the present invention incorporates features of

20   both lossless and lossy compression without requiring the data to be decompressed on the

21   receiving end."); Schmidt Decl., Ex. J at 2 ('339 Prosecution History, Declaration of Constance

22   Nash dated July 20, 2006); Schmidt Decl., Ex. I at 1 ('339 Prosecution History, Petition and

23   Statement under 37 CFR §1.102(D) and MPEP 708.02 (XI) for Advancement of Examination

24   dated July 21, 2006); Schmidt Decl., Ex. A at 17 ('339 Prosecution History, Amendment dated

25   January 24, 2011); Schmidt Decl., Ex. C at 17 ('339 Prosecution History, Supplemental

26   Amendment dated January 24, 2011).  Even Plaintiff concedes that applicants' alleged invention is

27   "directed to a system and method of transmitting data over the Internet that uses ***data optimization***

28   ***instead of data compression***."  *See* Opp. Br. at 4 (emphasis added).  Since both the body and the

1  preamble of the claims lack the limitation "data optimization instead of data compression," the

2  preamble's omitted language is essential to meet the requirements of 35 U.S.C. § 112(2).[5]

3        **D.        Claim Construction Is Unnecessary and Improper Because, as Plaintiff**
          **Implicitly Concedes, the Omitted Preamble Language Is Not Apparent from**
4         **the Face of the Claims.**

5              In an attempt to circumvent the fact that the plain language of the claims fails to address

6  the key aspect of what the applicants regarded as their invention, Plaintiff attempts to construe the

7  claims.  *See* Opp. Br. at 13-17.  But as undisputed by Plaintiff, the Court cannot fix claims—

8  whether by claim construction or otherwise—where the error is not evident from the face of the

9  claims, such as when the claims are grammatically correct.  *See* Opp. Br. at 18.  This is true

10 regardless of the stage of the case, whether it is on a motion to dismiss, as part of claim

11 construction, or on a motion for summary judgment.  *See Grp. One*, 407 F.3d at 1303 (affirming

12 district court's refusal to fix grammatically correct claims pursuant to claim construction);

13 *Brandywine Commc'ns Techs., LLC v. AT&T Corp.*, C.A. No. C 12-2494 CW, 2014 U.S. Dist.

14 LEXIS 54370, at *38-39 (N.D. Cal. Apr. 18, 2014) (refusing to fix grammatically correct claims

15 with omitted language from preamble as part of claim construction); Opening Br. at 11.

16             Here, as Plaintiff implicitly concedes, the claims are grammatically correct without the

17 omitted language and would provide no notice to one of skill in the art that an entire phrase is

18 missing from the claims.  *See Lucent*, slip op. at 5 (finding that grammatically correct claim would

19 provide no notice to one of skill in the art of missing language); Opp. Br. at 18; Opening Br. at 11.

20 As such, the Court would not be able to correct the claims whether it is on a motion to dismiss or

21 "after the close of discovery" as proposed by Plaintiff.  *See* Opp. Br. at 17.  There is little reason to

22 _____

23 [5] Plaintiff's argument that the claim does not exclude compression, even if the body of the claims
   recites transmitting data optimization instead of data compression, in fact supports this point.  *See*
24 Opp. Br. at 16.  Whether the missing preamble limitation appears in the preamble or is imported
   into the body of the claim via claim construction may affect the scope of the claimed inventions.
25 By adding the omitted language to the preamble as the applicants intended, the invention becomes
   clearly defined as "data transmission ***instead of*** data compression," which excludes systems and
26 methods that use data compression, whereas importing the limitation into the body of the claims
   results in a more ambiguous claim due to use of the transition term "comprising" after the
27 preamble.  Moreover, this two-faced approach injects ambiguity into the claims, "diminish[ing]
   the definiteness requirements' public-notice function and foster[ing] the innovation-discouraging
28 'zone of uncertainty' against which [the Supreme Court] has warned."  *See Nautilus*, 134 S. Ct. at
   2130.

DEFENDANTS' REPLY BRIEF RE: MOT. TO
DISMISS FOR FAILURE TO STATE CLAIM         - 10 -
Case No. 5:14-cv-04412-EJD

"defer the indefiniteness determination" where the claims are unredeemably indefinite under 35 U.S.C. § 112(2), especially considering the great expenditure of precious judicial and party resources that would be required by deferral.  *See, e.g.*, *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718-19 (Fed. Cir. 2014) (affirming invalidation of claims on motion to dismiss in part because doing so would "conserve scarce judicial resources" where there was no reasonable construction that would make the claims patentable).

## III.   CONCLUSION

Accordingly, Defendants' motion to dismiss Plaintiff's Amended Complaint for a failure to state a claim should be granted.


Dated:  March 30, 2015                    WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation


                                          By:_____ /s/ *Jennifer J. Schmidt*_____
                                                       Jennifer J. Schmidt

                                          Attorneys for Defendants Google Inc.; YouTube, LLC; and On2 Technologies, Inc.