RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
mafenster@raklaw.com
Matthew A. Rips, State Bar No. 175636
mrips@raklaw.com
Brian D. Ledahl, State Bar No. 186579
bledahl@raklaw.com
12th Floor
12424 Wilshire Boulevard
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile:(310) 826-6991

Attorneys for Defendant Vedanti Systems Limited

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MAX SOUND CORPORATION, VEDANTI SYSTEMS LIMITED[1] <br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC., YOUTUBE, LLC, and ON2 TECHNOLOGIES, INC. <br><br> Defendants, | Case No: 5:14-cv-04412-EJD <br><br> Honorable Judge Edward J. Davila <br><br> **VEDANTI SYSTEMS LIMITED'S MOTION FOR MORE DEFINITE STATEMENT** <br><br> Date: May 21, 2015 <br> Time: 9:00 a.m. <br> Place: Courtroom 4, 5th Floor <br> Judge: Hon. Edward J. Davila |

---

[1] The caption of this motion matches the caption in the First Amended Complaint (doc. 23).

3596-002 150413 Vedanti Rule 12e Motion v3.docx

**VEDANTI SYSTEMS LIMITED'S MOTION FOR MORE DEFINITE STATEMENT**

5:14-cv-04412-EJD

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2  PLEASE TAKE NOTICE that on May 21, 2015, at 9:00 a.m. or as soon
3  thereafter as the matter may be heard in Courtroom 4 of the above-entitled Court,
4  located at 280 South 1st Street, San Jose, California, Defendant Vedanti Systems
5  Limited ("Vedanti") will move for a more definite statement as set forth below.

6  Pursuant to Federal Rule of Civil Procedure 12(e), Vedanti hereby moves
7  for a more definite statement, on the ground that the First Amended Complaint
8  (doc. 23) (the "FAC") filed by Plaintiff Max Sound Corporation ("Max Sound")
9  against Vedanti (and other defendants) is so vague or ambiguous as it concerns
10 Vedanti that Vedanti cannot reasonably be required to frame responsive pleadings
11 to it.

## INTRODUCTION

14 On January 23, 2015, Max Sound filed the FAC. The gravamen of the FAC
15 is a patent infringement claim against Google, Inc., and two of its affiliates (the
16 "Google Defendants"). The subject patent, United States Patent No. 7,974,339
17 (the "339 Patent"), is owned by Vedanti. FAC, ¶ 5. The FAC identifies Vedanti as
18 a defendant, but neither states a claim nor requests relief as against Vedanti. The
19 FAC vaguely asserts that Vedanti "is listed as a named defendant in the event the
20 Court deems [Vedanti] to be a necessary party in this action." FAC, ¶ 16. Max
21 Sound states no position as to whether Vedanti actually is a necessary party.

22 By this motion, Vedanti seeks a more definite statement as to (i) what claims
23 are asserted against Vedanti and what relief is sought against Vedanti, and/or
24 (ii) whether Max Sound claims that Vedanti should be an involuntary plaintiff,
25 and, if so, what facts render Vedanti a necessary party and justify compelling
26 Vedanti to participate.

27 3596-002 150413 Vedanti Rule 12e Motion v3.docx

28 **VEDANTI SYSTEMS LIMITED'S MOTION FOR MORE DEFINITE STATEMENT**

5:14-cv-04412-EJD

RUSS, AUGUST & KABAT

## ARGUMENT

Motions for more definite statement attack unintelligible complaints. Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement when the complaint against it "is so vague or ambiguous that [the] party cannot reasonably be required to frame a responsive pleading." A Rule 12(e) motion is proper "where the complaint is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005) (emphasis added) (quoting *Cellars v. Pacific Coast Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D. Cal. 1999)). Additionally, a Rule 12(e) motion is proper if a party "cannot ascertain the nature of the claim asserted" against it. Id. (quoting *Famolare, Inc. v. Edison Brothers Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981)). The motion is more likely to be granted where the complaint is so general that ambiguity arises in determining not only the nature of the claim but even "the parties against whom it is being made." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Finally, "even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for more definite statement under [Rule] 12(e), require such detail as may be appropriate in the particular case." *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996).

The FAC fails under these established principles. In order reasonably to frame a responsive pleading, Vedanti is entitled to know what, if anything, is being asked of it by the FAC. Max Sound should be required to replead its complaint with the requisite detail.

The FAC states a single cause of action for patent infringement. The cause of action does not state whether it is asserted against all defendants, including

Vedanti, or merely against the Google Defendants. FAC, ¶¶ 61-75. Presumably, Max Sound does not assert that Vedanti is liable for infringement of Vedanti's own patent. Max Sound should be required to state what claims, if any, it asserts against Vedanti.

The FAC asks for myriad relief. Most elements of the requested relief are directed at the Google Defendants, while other elements are general in nature, such as "[a]ny and all such further necessary or proper relief as this Court may deem just." FAC, p. 12. Whether Max Sound seeks relief against Vedanti by way of this general prayer is not clear. Max Sound should be required to state what relief, if any, it seeks against Vedanti.

More directly, the FAC offers statements of intent that, Vedanti "is named as a Defendant in this action as the owner of the '339 Patent" and that Vedanti "is listed as a named defendant in the event the Court deems [Vedanti] to be a necessary party in this action." FAC, ¶¶ 5, 16. Based on these statements, Max Sound appears to be conditionally suing Vedanti in case the Court might need Vedanti present. The FAC fails to assert that Vedanti is a necessary party or the factual basis that would make it so, and certainly does not explain why Vedanti ought to be regarded as a defendant—as someone against whom relief is sought. Max Sound should be required to state whether it alleges Max Sound is a necessary party, and, if so, the specific factual allegations that would justify such necessity.

It may be that Max Sound is attempting to compel Vedanti to participate in this action as an involuntary plaintiff. That possibility is suggested by the caption of the FAC, which lists Vedanti among the plaintiffs rather than the defendants. However, if Max Sound is attempting to compel Vedanti to participate as an involuntary plaintiff, one would expect the FAC to be accompanied by a motion under Rule 19(a)(2). Max Sound has not made any such motion, and has made no

**VEDANTI SYSTEMS LIMITED'S MOTION FOR MORE DEFINITE STATEMENT**

5:14-cv-04412-EJD

showing that a "proper case" exists, as required by Rule 19(a)(2) in order to compel Vedanti to be joined as an involuntary plaintiff. If Max Sound desires that Vedanti be joined as an involuntary plaintiff, Max Sound should so state, and should follow the applicable procedures and allege the applicable facts.

If the FAC is not seeking to join Vedanti as an involuntary plaintiff, then Vedanti would seem to be a defendant. If Vedanti is a defendant, then Vedanti is entitled to know both what relief Max Sound is seeking against Vedanti and what factual basis Max Sound alleges to exist that would entitle Max Sound to such relief. Without knowing what it is the Max Sound asks of Vedanti, Vedanti cannot intelligently determine whether to file an answer admitting or denying the allegations of the FAC or to assert Rule 12(b)(6) or other motions.

For Vedanti to insist upon knowing whether it is a plaintiff or defendant is no idle matter. Among other things, the operation of Rule 13 as it affects Vedanti depends upon determining which of the other parties stand in an opposing party relationship to Vedanti and which are coparties. As against opposing parties, Vedanti may be obliged to state its counterclaims arising out of the same subject matters, but, against co-parties, Vedanti is not required to do so. *c.f.* Rule 13(a)(1) with Rule 13(g). Whatever the case may be, Max Sound should be required to state the caption and substance of its complaint in a fashion that properly indicates the role and alignment of the various parties.

## CONCLUSION

For these reasons, Vedanti respectfully requests that the Court grant this motion for a more definite statement. Max Sound should be required to replead its complaint with the applicable details, as set out above.

| | |
|---|---|
| Dated: April 13, 2015 | RUSS, AUGUST & KABAT<br>Marc A. Fenster<br>Matthew A. Rips<br>Brian D. Ledahl<br><br>By: /s/ *Marc A. Fenster*<br>    Marc A. Fenster<br>    Attorneys for Defendant Vedanti<br>    Systems Limited |

**VEDANTI SYSTEMS LIMITED'S MOTION FOR MORE DEFINITE STATEMENT**

5:14-cv-04412-EJD

# CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.5, I hereby certify that on April 13, 2015, I caused the foregoing **MOTION FOR MORE DEFINITE STATEMENT; AND PROPOSED ORDER** to be electronically filed with the Clerk of the Court. I understand that the Court will provide electronic notification of and access to such filing to the counsel of record in this matter who are registered on the CM/ECF as listed below.

DATED: April 13, 2015    RUSS, AUGUST & KABAT

By: /s *Marc A. Fenster*
Marc A. Fenster
Attorneys for Defendant
Vedanti Systems Limited

Matthew D. Davis
Email: mdavis@walkuplawoffice.com
Khaldoun Baghdadi
Email: kbaghdadi@walkuplawoffice.com
Michael Albert Kelly
Email: mkelly@walkuplawoffice.com
WALKUP MELODIA KELLY & SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108-2702

Adam J. Levitt
GRANT & EISENHOFER P.A.
Email: alevitt@gelaw.com
Catherine O'Suilleabhain
Email: cosuilleabhain@gelaw.com
Geoffrey C Jarvis
Email: gjarvis@gelaw.com

| | |
|---|---|
| 1 | Jay W. Eisenhofer |
| | Email: jeisenhofer@gelaw.com |
| 2 | 30 North LaSalle Street, Suite 1200 |
| 3 | Chicago, IL 60602 |
| 4 | |
| | Deborah Elman |
| 5 | Email: delman@gelaw.com |
| | GRANT AND EISENHOFER P.A. |
| 6 | 485 Lexington Ave, 29th Floor |
| 7 | New York, NY 10017 |
| 8 | |
| | Brian Andrew Carpenter |
| 9 | Email: brian.carpenter@BJCIPlaw.com |
| | Christopher Michael Joe |
| 10 | Email: Chris.Joe@bjciplaw.com |
| 11 | Eric William Buether |
| | Email: eric.buether@bjciplaw.com |
| 12 | Mark Davin Perantie |
| 13 | Email: mark.perantie@bjciplaw.com |
| | BUETHER JOE & CARPENTER, LLC |
| 14 | 1700 Pacific Avenue, Suite 4750 |
| 15 | Dallas, TX 75201 |
| 16 | Counsel for Plaintiff Max Sound Corporation |
| 17 | |
| | Jennifer J. Schmidt |
| 18 | Email: jschmidt@wsgr.com |
| 19 | Michael Jeffrey Guo |
| | Email: mguo@wsgr.com |
| 20 | Robin L. Brewer |
| 21 | Email: rbrewer@wsgr.com |
| | Stefani Elise Shanberg |
| 22 | Email: sshanberg@wsgr.com |
| 23 | WILSON SONSINI GOODRICH & ROSATI, P.C. |
| | One Market Plaza |
| 24 | Spear Tower, Suite 3300 |
| 25 | San Francisco, CA 94105 |

**VEDANTI SYSTEMS LIMITED'S MOTION FOR MORE DEFINITE STATEMENT**

5:14-cv-04412-EJD

Counsel for Defendants Google, Inc., YouTube, LLC and ON2 Technologies, Inc.