1  HEIDI L. KEEFE (State Bar No. 178960)
   COOLEY LLP
2  Five Palo Alto Square
   3000 El Camino Real
3  Palo Alto, California  94306-2155
   Telephone:   (650) 843-5000
4  Facsimile:    (650) 849-7400
   E-Mail:         hkeefe@cooley.com
5
   STEFANI E. SHANBERG (State Bar No. 206717)
6  JENNIFER J. SCHMIDT (State Bar No. 295579)
   MICHAEL J. GUO (State Bar No. 284917)
7  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
8  One Market Plaza
   Spear Tower, Suite 3300
9  San Francisco, California  94105
   Telephone:   (415) 947-2000
10 Facsimile:    (415) 947-2099
   E-Mail:         sshanberg@wsgr.com
11                 jschmidt@wsgr.com
                   mguo@wsgr.com
12
   Attorneys for Defendants
13 GOOGLE INC.; YOUTUBE, LLC; and
   ON2 TECHNOLOGIES, INC.
14

15               **UNITED STATES DISTRICT COURT**

16               **NORTHERN DISTRICT OF CALIFORNIA**

17                       **SAN JOSE DIVISION**

| | |
|---|---|
| 18  MAX SOUND CORPORATION, | Case No. 5:14-cv-04412-EJD |
| 19         Plaintiff, | **DEFENDANTS GOOGLE INC., YOUTUBE, LLC, AND ON2** |
| 20     v. | **TECHNOLOGIES, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL** |
| 21  GOOGLE INC., YOUTUBE, LLC, ON2 TECHNOLOGIES, INC., and VEDANTI | **RULE OF CIVIL PROCEDURE 12(b)(1) OR, IN THE ALTERNATIVE, TO STAY** |
| 22  SYSTEMS LIMITED, | **PENDING ARBITRATION** |
| 23         Defendants. | Date:  December 10, 2015 |
|   | Time:  9:00 am |
| 24 | Place: Courtroom 4, 5th Floor |
|   | Judge: Honorable Edward J. Davila |
| 25 |   |

26

27        **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

28

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY
Case No. 5:14-cv-04412-EJD

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................................v

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................................1

I.   INTRODUCTION..................................................................................................................1

II.  STATEMENT OF FACTS....................................................................................................1

    A.   The Asserted Patent's Chain of Title Ends with Vedanti..........................................1

    B.   Plaintiff's Agreement Is with a Third-Party, Assigns No Rights in the '339 Patent, and Does Not Pre-Approve a Patent Infringement Suit. ..........................................................................................................................2

        1.   Plaintiff's Unapproved Delaware Patent Infringement Claim. ....................2

        2.   Plaintiff's Present Unapproved Patent Infringement Claim.........................2

    C.   Nash and Counsel for Vedanti Have Confirmed Plaintiff's Lack of Standing......................................................................................................................3

    D.   Plaintiff's Arbitration Demand Against Vedanti, VSL, Nash, et al. .........................4

III. LEGAL PRINCIPLES ...........................................................................................................5

IV.  ARGUMENT .........................................................................................................................6

    A.   This Case Should Be Dismissed Because Plaintiff Lacks Standing. ........................6

    B.   At a Minimum, This Case Should Be Stayed Pending Arbitration...........................7

        1.   Plaintiff Will Suffer No Harm from a Stay. .................................................8

        2.   Defendants Will Suffer Substantial Hardship If This Case Is Not Stayed. ..........................................................................................................9

        3.   A Stay Would Further the Orderly Course of Justice. ...............................10

V.   CONCLUSION ....................................................................................................................11

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY
Case No. 5:14-cv-04412-EJD

- i -

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alzheimer's Inst. of Am. v. Elan Corp. PLC*, No. C-10-482-EDL, 2011 U.S. Dist.
  LEXIS 147471 (N.D. Cal. Dec. 22, 2011) ................................................................8, 10

*Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045 (Fed. Cir. 2014) ......................................................10

*CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962) ..........................................................................8

*Dominion Assets LLC v. Masimo Corp.*, No. 12-cv-02773-BLF, 2014 U.S. Dist.
  LEXIS 88285 (N.D. Cal. June 27, 2014) ................................................................5, 6

*Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774 (Fed. Cir. 1996)..........................1, 5, 10

*Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979) ................................10

*MLH Tek, LLC v. Nissan Motor Co.*, 655 F.3d 1266 (Fed. Cir. 2011) ..............................................5

*Negotiated Data Sols., LLC v. Dell Inc.*, No. CV 03 05755 JSW, 2008 U.S. Dist.
  LEXIS 77229 (N.D. Cal. Sep. 16, 2008)................................................................8, 10

*Ortho Pharm. Corp. v. Genetics Inst. Inc.*, 52 F.3d 1026 (Fed. Cir. 1995) ......................................3

*PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-cv-01356-EJD, 2014 U.S.
  Dist. LEXIS 4095 (N.D. Cal. Jan. 13, 2014)........................................................8, 9

*PersonalWeb Techs., LLC v. Google Inc.*, No. 5:13-cv-01317-EJD, 2014 U.S. Dist.
  LEXIS 116172 (N.D. Cal. Aug. 20, 2014)........................................................7, 8, 9

*Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187 (Fed. Cir. 2007) ..........................................3, 6, 7

*Quantum Corp. v. Riverbed Tech., Inc.*, No. C 07-04161 WHA, 2008 WL 314490
  (N.D. Cal. Feb. 4, 2008)................................................................................1, 5, 6,
                                                                                                                           9, 10

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198 (Fed. Cir. 2005) .............................6

*Spine Sols., Inc. v. Medtronic Sofamor USA, Inc.*, 620 F.3d 1305 (Fed. Cir. 2010)........................6

*Star Navigation Sys. Grp. Ltd. v. Aeromechanical Servs.*, No. C-07-4820 MMC,
  2008 U.S. Dist. LEXIS 79444 (N.D. Cal. Aug. 18, 2008).....................................3

*Visioneer, Inc. v. Keyscan, Inc.*, No. 3:08-cv-03967-MHP, slip op.
  (N.D. Cal. Mar. 26, 2009) ................................................................................10

*Waterman v. Mackenzie*, 138 U.S. 252 (1891).................................................................................3

# RULES

Fed. R. Civ. P. 12(b)(1) ................................................................................................................3, 5

Fed. R. Civ. P. 12(b)(7) ....................................................................................................................3

Fed. R. Civ. P. 19 .............................................................................................................................3

Patent L.R. 3-2 ............................................................................................................................5, 9

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| Plaintiff Max Sound Corporation | Max Sound, MAXD, or Plaintiff |
| Patent Owner Vedanti Systems Limited | Vedanti or Patent Owner |
| Third-Party VSL Communications | VSL |
| Defendant Google Inc. | Google |
| Defendant YouTube, LLC | YouTube |
| Defendant On2 Technologies, Inc. | On2 |
| Defendants Google, YouTube, and On2, collectively | Defendants |
| Plaintiff and Defendants, collectively | Parties |
| U.S. Patent No. 7,974,339 | '339 patent or asserted patent |
| EP 2,026,277 B1 | '277 patent |
| Plaintiff Max Sound Corporation's Complaint for Patent Infringement, Dkt. No. 1 | Complaint |
| Plaintiff Max Sound Corporation's First Amended Complaint for Patent Infringement, Dkt. No. 23 | Amended Complaint |
| Declaration of Michael J. Guo in Support of Defendants' Motion to Dismiss or, in the Alternative, to Stay | Guo Decl. |
| Max Sound Corporation and VSL Communications Licensing and Representation Agreement (Optimized Data Transmission System & Method), Ex. A[1] | VSL Agreement |
| Reply in Support of Motion for Leave to Withdraw as Counsel of Record for Vedanti Systems Limited, Dkt. No. 97 | Withdrawal Br. |
| Inventor Constance Nash | Nash |
| Cornerstone Group, Ltd. | Cornerstone |

---

[1] All Exhibits referenced herein refer to Exhibits to the Guo Decl. filed concurrently herewith.

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY
Case No. 5:14-cv-04412-EJD

- iv -

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2015, at 9:00 a.m., or as soon thereafter as the matter may be heard in courtroom of the Honorable Edward J. Davila, located at Courtroom 4, Fifth Floor, of the United States District Court for the Northern District of California, San Jose Division, Defendants will and hereby do move the Court for entry of an order dismissing this action pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, staying this case pending resolution of the arbitration between Plaintiff and Vedanti, et al.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the accompanying Guo Decl., including exhibits, and such additional evidence and arguments as may hereinafter be presented.

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY
Case No. 5:14-cv-04412-EJD

- v -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion is urgent—Plaintiff has no standing to pursue this litigation because it has no rights in the '339 patent it is asserting against Defendants. The asserted patent's chain of title ends with Patent Owner Vedanti.



Over the past two weeks, Patent Owner Vedanti has provided Defendants with the evidence necessary to move to dismiss. Defendants also learned that Plaintiff filed an arbitration demand against Patent Owner Vedanti—without telling Defendants—seeking to determine the scope of Plaintiff's rights, if any, in the '339 patent.

"Standing of the parties to bring their claims is a threshold matter that must be addressed before the substantive merits of the case." *Quantum Corp. v. Riverbed Tech., Inc.*, No. C 07-04161 WHA, 2008 WL 314490, at *1 (N.D. Cal. Feb. 4, 2008) (citing *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774 (Fed. Cir. 1996)). Recent evidence shows that Plaintiff has known that this threshold issue was in question since August 2014. Plaintiff nonetheless filed two lawsuits asserting the '339 patent and put the Courts and Defendants to the burden of motion practice, discovery, invalidity analysis, and claim construction. Defendants respectfully request that this case be dismissed because Plaintiff did not have standing to bring it. Alternatively, this case should be stayed pending resolution of the arbitration between Plaintiff and Patent Owner.

## II. STATEMENT OF FACTS

### A. The Asserted Patent's Chain of Title Ends with Vedanti.

Plaintiff acknowledges in its Complaint that Vedanti, not Plaintiff, "is the owner by assignment of all rights, title, and interests in the '339 Patent and is entitled to sue for past and future infringement thereof." Amended Complaint at ¶ 14. Assignment documents demonstrate that named inventors Alexander Krichevsky and Constance Nash assigned their rights in the

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY
Case No. 5:14-cv-04412-EJD

- 1 -

application resulting in the '339 patent to Cornerstone. *See* Ex. E (Assignment from Krichevsky to Cornerstone), F (Assignment from Nash to Cornerstone). Cornerstone then assigned its rights in the '339 patent to Vedanti, and there is nothing further. *See* Ex. G (Assignment from Cornerstone to Vedanti). The U.S. Patent and Trademark Office assignment database confirms that the chain of title ends with Vedanti. *See* Ex. H.[2]

### B. Plaintiff's Agreement Is with a Third-Party, Assigns No Rights in the '339 Patent, and Does Not Pre-Approve a Patent Infringement Suit.

Plaintiff and third-party VSL entered into the VSL Agreement, which gave Plaintiff certain rights to VSL's—not Vedanti's—technology. *See generally* Ex. A (VSL Agreement). Vedanti, a wholly-owned subsidiary of VSL, is not mentioned in the agreement, is not a party to the agreement, and did not sign the agreement. *See generally id*. No patent numbers are mentioned in the agreement, and no right to sue for patent infringement is conferred. *See generally id.* The VSL Agreement expressly pre-approves only two claims, neither for patent infringement. *Id*. at 3.

#### 1. Plaintiff's Unapproved Delaware Patent Infringement Claim.

On August 9, 2014, Plaintiff filed a complaint in the District of Delaware against Defendants alleging infringement of the '339 patent. *See* Ex. P at ¶ 15. The complaint lists both Plaintiff and Vedanti as plaintiffs. *See id.* at 1. Plaintiff dismissed that complaint on October 1, 2014. *See* Ex. Q (Notice of Voluntary Dismissal Without Prejudice). Vedanti's counsel explained: "When Max Sound filed the first U.S. patent action, in Delaware, it was without authorization. Vedanti objected, and a Vedanti representative personally went to the courthouse in Delaware to so advise the court. Max Sound withdrew that suit, but then refiled in the Northern District of California. When Vedanti learned of the refiled suit, it again objected." Ex. I (E-mail from M. Rips to S. Shanberg (Aug. 12, 2015)) at 1.

#### 2. Plaintiff's Present Unapproved Patent Infringement Claim.

As referenced by Vedanti's counsel, on October 1, 2014, Plaintiff filed a new Complaint in

---

[2] Based upon all productions and representations from Max Sound and Vedanti to date, it appears that Vedanti owns the '339 patent. For the purposes of the present motion, it merely matters that Max Sound does not dispute Vedanti's purported ownership of the '339 patent.

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY - 2 -
Case No. 5:14-cv-04412-EJD

1  the Northern District of California again without Vedanti's consent and again alleging
2  infringement of the '339 patent. *See generally* Complaint; Ex. L (Application for Preliminary
3  Injunction) at 8:16-17 ("█████████████████████████████████████
4  ███████████████████████"). Plaintiff named Vedanti as a "plaintiff pursuant to
5  Rule 19 of the Federal Rules of Civil Procedure." *See id*. at 1. Because Plaintiff's unilateral
6  invocation of Rule 19 was improper, on December 11, 2014, Defendants filed a Motion to Dismiss
7  Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7). *See* Dkt. No. 15. Rather than
8  oppose Defendants' motion, Plaintiff filed an Amended Complaint on January 23, 2015, to name
9  Vedanti as a defendant. *See generally* Amended Complaint. Since it appeared that Plaintiff would
10 properly make Patent Owner Vedanti a party to the case, the Parties filed and the Court granted a
11 Stipulation Withdrawing Defendants' Motion to Dismiss without prejudice. *See* Dkt. No. 24, 55.

12 Patent Owner—and necessary party—Vedanti is still not participating in this case.
13 Plaintiff and Vedanti delayed Vedanti's participation with multiple extensions of time to respond
14 to the Amended Complaint, culminating in Vedanti's still-pending motion for more definite
15 statement[3]. *See* Dkt. No. 35, 46, 48, 51, 58. Meanwhile, this case proceeded with discovery,
16 infringement and invalidity contentions, and claim construction—all without Patent Owner
17 Vedanti's participation. *See, e.g.*, Ex. R (E-mail from M. Rips to J. Schmidt (July 21, 2015)).

18 **C. Nash and Counsel for Vedanti Have Confirmed Plaintiff's Lack of Standing.**

19 From August 12-19, 2015, Nash sent a series of emails confirming that Plaintiff lacked
20 standing to sue for infringement of the '339 patent and that Plaintiff was aware that Plaintiff
21 lacked standing since August 2014. *See* Ex. C (E-mail from C. Nash to M. Guo (Aug. 12, 2015))

---

[3] The lack of participation by Patent Owner is an additional ground for dismissal or stay of this litigation, as the Supreme Court has long recognized that licensees—which Max Sound is not—should not proceed in the absence of the patent owner as a party. *See Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891); *see also Star Navigation Sys. Grp. Ltd. v. Aeromechanical Servs.*, No. C-07-4820 MMC, 2008 U.S. Dist. LEXIS 79444, at *6 (N.D. Cal. Aug. 18, 2008) ("[E]xclusive licensee may bring action for infringement only if the licensee 'joins the patent owner' as a party.") (citing *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1194 (Fed. Cir. 2007)) (affirming dismissal of case where patent owner was not party to suit); *Ortho Pharm. Corp. v. Genetics Inst. Inc.*, 52 F.3d 1026, 1028 (Fed. Cir. 1995) (same); *Star Navigation*, 2008 U.S. Dist. LEXIS 79444, at *5-7 (dismissing complaint where licensee plaintiff had improperly joined patent owner as "involuntary plaintiff" under Rule 19). There is no support for Plaintiff's suggestion that a default judgment can substitute for patent owner participation. *See* Dkt. No. 96 at 4:16-19.

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY
Case No. 5:14-cv-04412-EJD

- 3 -

at 2 ("█████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████") (caps in original). Vedanti's counsel also confirmed that the VSL Agreement does not confer standing upon Plaintiff:

> Vedanti consistently and repeatedly has maintained, and continues to maintain, that neither it nor VSL has granted any rights to Max Sound to sue on Vedanti's U.S. patent.
>
> The agreement cited by Max Sound is between VSL and Max Sound. Vedanti is not a party to it. As for Max Sound's claim that VSL was acting as Vedanti's agent, there was no such conduct or intent.
>
> In connection with the making of the agreement between VSL and Max Sound, Max Sound sought rights to sue on Vedanti's U.S. patent. Those requests were rejected. On about June 12, 2014, after the VSL-Max Sound agreement was made, Chris Joe speaking to a VSL representative acknowledged, before numerous witnesses, that the "marching orders" to the lawyers were that there would be no patent infringement lawsuit.
>
> Subsequently, in July and early August 2014, Max Sound renewed its requests for permission to file suit on the U.S. patent. The desire and need for such permission is evidenced, *inter alia*, by the documents Max Sound prepared and submitted to Vedanti in order for Vedanti to grant that permission. Vedanti refused. The absence of Vedanti's signature on the documents evidences Vedanti's refusal.

Ex. I (E-mail from M. Rips to S. Shanberg (Aug. 12, 2015)) at 1.

Vedanti's counsel refers to draft agreements Plaintiff proposed to modify the VSL Agreement that potentially would have given Plaintiff standing to assert the '339 patent—none of which were executed. *See* Ex. S (Addendum to Licensing and Representation Agreement), T (Addendum to Representation Agreement), U (Letter of Clarification), V (Letter of Clarification). On August 19, 2015, Vedanti confirmed its position that Max Sound lacks standing on the record. *See generally* Withdrawal Br.

**D.    Plaintiff's Arbitration Demand Against Vedanti, VSL, Nash, et al.**

Nash's emails also informed Defendants for the first time that, on August 3, 2015, Plaintiff filed an arbitration demand against Vedanti and other related individuals and entities. *See* Ex. W

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY
Case No. 5:14-cv-04412-EJD

- 4 -

(Letter from M. Schierholz to T. Palecek, et al. (Aug. 11, 2015)).  Vedanti's counsel confirmed that the arbitration "demand directly relates to Plaintiff's claim that it has a right to sue on Vedanti's U.S. patent."  *See* Ex. I (E-mail from M. Rips to E. Buether (Aug. 12, 2015)) at 3.[4]  Nash also provided a copy of an application for preliminary injunction that Plaintiff filed in the arbitration seeking to ████████████████████████████████████ and demonstrating that a key issue to which the arbitration relates is whether Plaintiff has the right to assert the '339 patent.  *See* Ex. L (Application for Preliminary Injunction) at 14-15.

## III.  LEGAL PRINCIPLES

Standing is a constitutional requirement pursuant to Article III and is an issue of subject matter jurisdiction properly addressed pursuant to a motion to dismiss under Rule 12(b)(1).  *See Dominion Assets LLC v. Masimo Corp.*, No. 12-cv-02773-BLF, 2014 U.S. Dist. LEXIS 88285, at *34 (N.D. Cal. June 27, 2014) (dismissing case pursuant to Rule 12(b)(1) where plaintiff did not hold legal title to asserted patent when it filed complaint); Fed. R. Civ. P. 12(b)(1).  To survive a motion to dismiss under Rule 12(b)(1), a plaintiff bears the burden of proving the Court has subject matter jurisdiction over the action.  *MLH Tek, LLC v. Nissan Motor Co.*, 655 F.3d 1266, 1274 (Fed. Cir. 2011) (vacating district court's grant of summary judgment where plaintiff failed to prove standing in asserted patent); Fed. R. Civ. P. 12(b)(1).

"Standing of the parties to bring their claims is a threshold matter that must be addressed before the substantive merits of the case."  *Quantum Corp.*, 2008 WL 314490, at *1 (dismissing case for lack of standing where parent corporation had ostensibly assigned patent portfolio to plaintiff but subsidiary of parent had failed to assign rights in asserted patent to parent).  "District judges cannot overlook a defect in the chain of title, for the entirety of massive litigation might wind up being vacated years later, for lack of threshold standing."  *Id.* at *3 (citing *Gaia Techs.,*

---

[4] Plaintiff has still not produced the arbitration demand despite it being responsive to Defendants' discovery requests and its relevance under Patent Local Rule 3-2 which requires that Plaintiff produce "all documents evidencing ownership of the patent rights by the party asserting patent infringement."  *See* Guo Decl. at ¶ 3.  Nonetheless, Plaintiff has confirmed that its "production is complete" in response to Defendants' requests for production of documents regarding standing.  *See* Ex. I (E-mail from A. Macias to M. Guo (Aug. 12, 2015)) at 5).  While Defendants have reason to doubt this confirmation, in view of the missing arbitration demand, Defendants believe no further discovery is necessary for the instant motion.

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY
Case No. 5:14-cv-04412-EJD

- 5 -

*Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774 (Fed. Cir. 1996) (vacating final judgment after trial because of deficiency in standing)).

In a patent suit, standing requires the plaintiff holds enforceable title to the patent at the inception of the lawsuit. *Dominion Assets LLC*, 2014 U.S. Dist. LEXIS 88285, at *34. If a plaintiff lacked standing when the complaint was filed, the suit must be dismissed. *Propat*, 473 F.3d at 1194 (Fed. Cir. 2007) (affirming dismissal where patent owner was not party to suit).

## IV.  ARGUMENT

### A.  This Case Should Be Dismissed Because Plaintiff Lacks Standing.

Plaintiff has no right to sue for infringement of Vedanti's '339 patent. Title to the asserted '339 patent ends with Vedanti, and Plaintiff acknowledges that Vedanti—not VSL—is the patent owner. *See* Amended Complaint at ¶ 14; Ex. E (Assignment from Krichevsky to Cornerstone), F (Assignment from Nash to Cornerstone), G (Assignment from Cornerstone to Vedanti). Plaintiff's only argument is that the VSL Agreement confers rights. It does not. Vedanti is not even a party to the VSL Agreement. Since Vedanti is the sole owner of the '339 patent, it is impossible for the VSL Agreement to have assigned any rights in the '339 patent to Plaintiff. *See Quantum Corp.*, 2008 WL 314490, at *2 (dismissing case for lack of standing where subsidiary corporation that owned asserted patent was not a party to the agreement between parent corporation and plaintiff).[5] The plain language of the VSL Agreement indicates that Plaintiff lacks standing to assert the '339 patent because it only has a contract with VSL—not Patent Owner Vedanti.

Plaintiff's own actions also support that Vedanti never conferred patent rights. For example, as explained by Vedanti's counsel, agreements that would have made Vedanti expressly

---

[5] Parent corporations lack standing to sue for infringement of their subsidiaries' patents because they lack equitable title in their subsidiaries' patents. *See Spine Sols., Inc. v. Medtronic Sofamor USA, Inc.*, 620 F.3d 1305, 1317-18 (Fed. Cir. 2010) (district court improperly allowed patentee to join parent where parent did not hold exclusive license to asserted patent); *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (parent lacked standing once it assigned asserted patent to subsidiary company). Further, contrary to Plaintiff's interrogatory response, VSL was not acting as an agent for Vedanti. *See* Ex. Y (Plaintiff's Objections and Answers to Defendants' First Set of Interrogatories) at 4-5; Ex. I (E-mail from M. Rips to S. Shanberg (Aug. 12, 2015 15:52 PT)) at 1 ("As for Max Sound's claim that VSL was acting as Vedanti's agent, there was no such conduct or intent."); *Quantum Corp.*, 2008 WL 314490, at *2 (finding lack of standing where "nothing in the record shows that [parent] was actually authorized to act as an agent for [subsidiary], with respect to the patent in suit or any other asset").

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY
Case No. 5:14-cv-04412-EJD

- 6 -

a party to the VSL Agreement were rejected by Vedanti and VSL. *See* Withdrawal Br. at 4-5 ("In connection with the making of the [VSL Agreement], Max Sound sought rights to sue on Client's U.S. patent. Those requests were rejected."); Ex. S (Addendum to Licensing and Representation Agreement), T (same), U (Letter of Clarification), V (same); Ex. I (E-mail from M. Rips to S. Shanberg (Aug. 12, 2015)) at 1. Additionally, Vedanti and its counsel have unequivocally and repeatedly confirmed that Patent Owner Vedanti never entered into an agreement with Plaintiff. *See, e.g.*, Withdrawal Br. at 4 ("There *is* an agreement between Max Sound and VSL Communications, Ltd., an affiliate of Client. [Vedanti] is not a party to that agreement."); Ex. I (E-mail from M. Rips to S. Shanberg (Aug. 12, 2015)) at 1; Ex. C (E-mail from C. Nash to M. Guo (Aug. 12, 2015)) at 2.

Further, the '339 patent is not mentioned anywhere in the VSL Agreement. *See generally* Ex. A (VSL Agreement). In fact, no patent numbers are mentioned in the agreement, and no right to sue for patent infringement is conferred. *See generally id.* Rather, the VSL Agreement unambiguously assigns only certain rights to VSL's—not Vedanti's—"technology." *See id.* at 1. And Vedanti has repeatedly maintained that the VSL Agreement provides no right to sue for infringement of the '339 patent. *See e.g.*, Withdrawal Br. at 4. Finally, the VSL Agreement authorizes only two pre-approved claims, neither of which is for patent infringement. *See* Ex. A at 1. And neither VSL, nor Patent Owner Vedanti, authorized the present suit. *See e.g.*, Ex. I (E-mail from M. Rips to S. Shanberg (Aug. 12, 2015)) at 1. Accordingly, Plaintiff lacks the right to sue for infringement of the '339 patent, and this case should be dismissed.

**B.     At a Minimum, This Case Should Be Stayed Pending Arbitration.**

It is clear that Plaintiff lacks standing now and lacked standing when the complaint in this case was filed. Accordingly, the suit must be dismissed. *See Propat*, 473 F.3d at 1194.

Should the Court decide not to dismiss this case at this time, it should stay the case pending the arbitration between Plaintiff and Patent Owner relating to the issue of Plaintiff's standing. This Court recently addressed a similar issue and stayed the subject case pending arbitration. *See PersonalWeb Techs., LLC v. Google Inc.*, No. 5:13-cv-01317-EJD, 2014 U.S. Dist. LEXIS 116172, at *14 (N.D. Cal. Aug. 20, 2014) (staying case pending arbitration between

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY
Case No. 5:14-cv-04412-EJD

- 7 -

Plaintiffs and third party where "the outcome of the arbitration could threaten the very existence of this lawsuit"); *see also PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-cv-01356-EJD, 2014 U.S. Dist. LEXIS 4095, at *22 (N.D. Cal. Jan. 13, 2014) (noting that case was "unripe for adjudication" because arbitrator's determination of construction and status of agreement between Plaintiffs and third party was essential to determination of Plaintiffs' standing). Here, all factors to be considered in deciding whether to stay a case—including (1) possible damage which may result from granting the stay; (2) hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay—also weigh in favor of a stay. *Alzheimer's Inst. of Am. v. Elan Corp. PLC*, No. C-10-482-EDL, 2011 U.S. Dist. LEXIS 147471 (N.D. Cal. Dec. 22, 2011) (citations omitted) (granting stay pending resolution of plaintiff's standing to assert patents).[6]

### 1. Plaintiff Will Suffer No Harm from a Stay.

It is likely that the arbitration will result in an adverse ruling for Plaintiff, i.e., that Plaintiff has no rights in the '339 patent, much less the right to sue for patent infringement. *See supra* Section IV.A. But "the possibility that adverse 'evidence will be obtained, or rulings made, as a result of' the other proceedings, . . . is not considered sufficient to deny a request for postponement." *Negotiated Data Sols., LLC v. Dell Inc.*, No. CV 03 05755 JSW, 2008 U.S. Dist. LEXIS 77229, at *4 (N.D. Cal. Sep. 16, 2008) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962)). Further, Plaintiff will suffer no harm from delay, as the arbitration is likely to proceed quickly. *See Negotiated Data Sols.*, 2008 U.S. Dist. LEXIS 77229, at *4-5. And any delay could be compensated via damages since Plaintiff is not a competitor of Defendants. *See PersonalWeb Techs., LLC v. Google Inc.*, 2014 U.S. Dist. LEXIS 116172, at *20 (staying case and finding no undue prejudice because "[t]he parties are not competitors; therefore, any harm from the

---

[6] Defendants requested that Plaintiff stipulate to a stay pending resolution of the dispute between Plaintiff and Patent Owner. *See* Ex. B (E-mail from S. Shanberg to E. Buether (Aug. 10, 2015)) at 2-3. Plaintiff refused. *See id.* (E-mail from E. Buether to S. Shanberg (Aug. 11, 2015)) at 1-2. In its refusal, Plaintiff continued to deny the existence of a dispute, despite having secretly filed an arbitration demand relating to the same. *See id*.

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY
Case No. 5:14-cv-04412-EJD

- 8 -

temporary halt in enforcing Plaintiffs' rights in the asserted patents can be addressed through a final damages award."). This factor strongly favors a stay because Plaintiff will suffer no harm.

### 2. Defendants Will Suffer Substantial Hardship If This Case Is Not Stayed.

The issue of standing must be resolved before reaching the merits of any allegations of patent infringement. *See Quantum Corp.*, 2008 WL 314490, at *1; *PersonalWeb Techs., LLC v. Google Inc.*, 2014 U.S. Dist. LEXIS 116172, at *14 (staying case pending arbitration because it was "possible that the outcome of the arbitration could threaten the very existence of this lawsuit"); *PersonalWeb Techs., LLC v. Facebook, Inc.*, 2014 U.S. Dist. LEXIS 4095, at *22 (finding construction of agreement between plaintiff and third party critical to standing).

Here, the current case schedule will require the Court and the Parties to devote significant resources to claim construction briefing and a hearing, fact and expert discovery, summary judgment, and potentially trial if this case is not stayed pending the arbitration which should bear on the threshold issue of Plaintiff's standing. *See* Dkt. No. 79 (Patent Scheduling Order). Indeed, despite the fact that a dispute between Plaintiff and Patent Owner over Plaintiff's right to assert the '339 patent has apparently existed since August 2014, Defendants have already been forced to devote significant resources to this litigation, all the while without the participation of Patent Owner Vedanti. *See* Ex. L (Application for Preliminary Injunction) at 8:16-17; Dkt. No. 79; *see* Dkt. No. 53 (Joint Case Management Statement), 89 (Proposed Agreed Protective Order); Ex. R (E-mail from M. Rips to J. Schmidt (July 21, 2015)).

Allowing the case to proceed would prejudice Defendants by forcing them to litigate against a party who lacks the right to sue and who lacks the ability provide information necessary to their defense.[7] Should Vedanti ever be properly a party to the case, the parties may have to redo much of the litigation. Plaintiff's failure to properly put the case at issue with respect to Vedanti potentially even subjects Defendants to two lawsuits for alleged infringement of the asserted patent since claim preclusion would only apply if Vedanti is, *inter alia*, a party to the present case

---

[7] Plaintiff's First Set of Requests for Production to Vedanti acknowledge as much since they request documents critical to Defendants' case that should have been produced with Plaintiff's infringement contentions pursuant to Patent Local Rule 3-2(d). *See generally* Ex. Z.

DEFENDANTS' MOT. TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
OR, IN THE ALTERNATIVE, TO STAY            - 9 -
Case No. 5:14-cv-04412-EJD

or in privity with Plaintiff, an issue in dispute. *See Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1052 (Fed. Cir. 2014); Ex. L (Application for Preliminary Injunction) at 14-15.

Most importantly, because Plaintiff lacks standing to sue, the Court's and the Parties' expenditure of time and resources may be all for naught. "District judges cannot overlook a defect in the chain of title, for the entirety of massive litigation might wind up being vacated years later, for lack of threshold standing." *Quantum Corp.*, 2008 WL 314490, at *3 (citing *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774 (Fed. Cir. 1996) (vacating final judgment after trial because of deficiency in standing)). Accordingly, Defendants will suffer substantial hardship and prejudice if this case is not at least stayed, weighing strongly in favor of a stay.

### 3. A Stay Would Further the Orderly Course of Justice.

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Negotiated Data Sols.*, 2008 U.S. Dist. LEXIS 77229, at *6-7 (quoting *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)); *see also, e.g.*, *Visioneer, Inc. v. Keyscan, Inc.*, No. 3:08-cv-03967-MHP, slip op. at 2 (N.D. Cal. Mar. 26, 2009) (staying deadlines pending decision on motion to dismiss for lack of subject matter jurisdiction).

Here, the arbitration should bear on the threshold issue of whether Plaintiff has the right to sue for infringement of the asserted patent.[8] *See* Ex. I (E-mail from M. Rips to E. Buether (Aug. 12, 2015)) at 3; Ex. L (Application for Preliminary Injunction) at 14-15. Proceeding with this case while it is pending would result in wasteful, duplicative expenditure of the Court's and Parties' resources. *Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 2011 U.S. Dist. LEXIS 147471, at *8 (finding another court's trial on standing was "potentially dispositive of this entire action, so that

---

[8] Defendants do not know the exact scope of the arbitration because Plaintiff failed to provide them with the demand. Based on the Application for Preliminary Injunction (Ex. L), Defendants understand that the arbitration should at least bear on, if not resolve, the issue of standing in this case. Should the arbitration not resolve all such issues, Defendants will bring such remaining issues to the Court upon conclusion of the arbitration.

DEFENDANTS' MOT. TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) OR, IN THE ALTERNATIVE, TO STAY Case No. 5:14-cv-04412-EJD

- 10 -

proceeding on Defendants' motions could result in unnecessary use of the Court's and the parties' time and resources"). In contrast, a stay would simplify the issues before the Court and further the orderly course of justice by bearing on the threshold issue of standing prior to proceeding on the merits. Because all factors weigh strongly in favor of a stay, this case should, in the alternative, be stayed pending resolution of the arbitration filed by Plaintiff.

## V.   CONCLUSION

Defendants respectfully request that the Court grant this motion and dismiss or, in the alternative, stay this case pending resolution of the arbitration between Plaintiff and Vedanti et al. During any stay, Defendants further request that Plaintiff and Vedanti be required to submit regular status reports to the Court and keep Defendants informed as to all developments in the arbitration. Should this case be stayed, following conclusion of the arbitration, Defendants also request a status conference to determine whether the arbitration informed the issues of Plaintiff's standing and whether such issues are resolved for the purposes of this litigation.

Dated:  August 28, 2015                                    COOLEY LLP

By: _____/s/ *Heidi L. Keefe*_____
       Heidi L. Keefe

Attorneys for Defendants Google Inc.; YouTube, LLC; and On2 Technologies, Inc.

DEFENDANTS' MOT. TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) OR, IN THE ALTERNATIVE, TO STAY
Case No. 5:14-cv-04412-EJD

- 11 -