UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAX SOUND CORPORATION,<br>　　　　　Plaintiff,<br>　　　v.<br>GOOGLE, INC., et al.,<br>　　　　　Defendants. | Case No. 5:14-cv-04412-EJD<br><br>**ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 53 |

On January 23, 2015, Plaintiff Max Sound Corporation ("Max Sound") filed a First Amended Complaint ("FAC") against for three defendants: Google, Inc., YouTube, LLC and On2 Technologies (the "Google Defendants"), for the infringement of United States Patent No. 7,974,339 (the "'339 patent"). Dkt. No. 23. Plaintiff also, quite unusually, named Vedanti ("Vedanti"), the owner of the '339 patent, as a co-plaintiff in the caption of the FAC but alleges later in the document that Vedanti "is listed as a named defendant in the event the court deems [Vedanti] to be a necessary party to this action." Id. at ¶ 16. It is unclear, however, whether Max Sound actually asserts that Vedanti infringes the '339 patent.

In response to the FAC, Vedanti understandably filed the instant motion for a more definite statement. Dkt. No. 53. Max Sound filed a response. Dkt. No. 66. Having now fully considered the parties' briefing, and for the foregoing reasons, the Court GRANTS Vedanti's motion for a more definite statement.

### I.    LEGAL STANDARD

Under Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading . . . [when that pleading] is so vague or ambiguous that the

1

Case No.: 5:14-cv-04412-EJD
ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT

1  party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  The decision to grant a

2  motion under Rule 12(e) is within the discretion of the trial court.  Griffin v. Cedar Fair, L.P., 817

3  F. Supp. 2d 1152 (N.D. Cal. 2011).  Typically, such motions are disfavored in light of the liberal

4  pleading standard, and "should not be granted unless the defendant cannot frame a responsive

5  pleading." See Falamore, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal.

6  1981) (citing Boxall v. Sequoia Union High School Dist., 464 F. Supp. 1104, 1114 (N.D. Cal.

7  1979)).

8      A motion for more definite statement can be granted where the complaint is so general that

9  ambiguity arises in determining not only the nature of the claim but even "the parties against

10 whom it is being made." True v. Am. Honda Motor Co., Inc., 520 F. Supp. 2d 1175, 1180 (C.D.

11 Cal. 2007) (quoting Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994)).

12 When that is the case, the court may require details necessary to enhance a complaint's

13 sufficiency.  McHenry v. Renne, 84 F. 3d 1172, 1179 (9th Cir. 1996)("[T]he judge may in his

14 discretion, in response to a motion for more definite statement . . . require such detail as may be

15 appropriate in the particular case").  A motion for a more definite statement is also appropriate in

16 cases where the complaint is "prolix" or causes "confusion." Austin v. Cnty. of Alameda, No. C-

17 15-0942-EMC, 2015 WL 3833239, *4 (N.D. Cal. June 19, 2015) (citing McHenry, 84 F. 3d at

18 1179).

19 **II.    DISCUSSION**

20     Vedanti argues in support of its motion that, if it is to be a defendant in this case, then Max

21 Sound should be required to clearly identify any claims asserted against it so that Vedanti can

22 prepare a response.  However, if it is to be an involuntary plaintiff as the FAC's caption suggests,

23 then Vedanti argues the FAC should be accompanied by a motion under for joinder under Federal

24 Civil Procedure Rule 19(a)(2) and, presumably, that the allegations designating it as a defendant

25 should be removed.  Id.

26     Max Sound counters by arguing that Vedanti has been "named as a defendant since it did

27

2

28 Case No.: 5:14-cv-04412-EJD
ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT

United States District Court
Northern District of California

not voluntarily appear as a plaintiff in this action." Max Sound further asserts that Vedanti was originally named as a co-plaintiff, but then renamed as a defendant in response to Google Defendants' motion to dismiss. More specifically, Max Sound asserts that it is "clear . . . Vedanti [was added] as a defendant for procedural reasons." Id.

Contrary to what Max Sound believes, however, the FAC is far from clear. While the Court recognizes that motions under rule 12(e) are "generally disfavored," it is axiomatic that Vedanti cannot be expected to respond to a pleading where it is unknown whether it is a plaintiff or defendant and what, if anything, is being asserted against it. As currently pled, the FAC first identifies Vedanti as a plaintiff, but Vedanti apparently did not participate in the initiation of this lawsuit. It later identifies Vedanti as a defendant, but fails to plausibly assert a patent infringement claim against it - a claim that would be unsupportable in any event because Vedanti is the owner of the '339 patent. This contradiction in pleading cannot be reconciled without further clarification from Max Sound. The "procedural reasons" it relies on for justifying the creation of such confusing circumstances is unpersuasive. There are no procedures which permit this type of pleading.

### III. CONCLUSION

For these reasons, the Court GRANTS the Movant's Motion for a More Definite Statement. Unless the court orders otherwise, any amended complaint consistent with this order must be filed on or before December 1, 2015.

**IT IS SO ORDERED.**

Dated: November 3, 2015

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-04412-EJD
ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT

3