UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAX SOUND CORPORATION, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE, INC., et al.,<br><br>　　　　　Defendants. | Case No. 5:14-cv-04412-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION FOR RELIEF FROM FINAL ORDER**<br><br>Re: Dkt. No. 142 |

### I. INTRODUCTION

A suit for patent infringement can only be brought by a party holding legal title to the underlying patent at the time the suit is commenced. Propat Int'l Corp. v. Rpost, Inc., 473 F.3d 1187, 1189 (Fed. Cir. 2007); Abraxis Bioscience, Inc. v. Navinta LLC, 625 F.3d 1359, 1363 (Fed. Cir. 2010). This infringement suit was dismissed because Plaintiff Max Sound Corporation ("Max Sound") did not meet its burden to show that it had any legal right to the patent it asserted in the complaint, United States Patent No. 7,974,339 (the "'339 patent"). Dkt. Nos. 138, 139. Max Sound now moves for relief from the dismissal order so that it can continue on its quest to find or create standing long after it initiated this case.

Max Sound's post-dismissal arguments are no more persuasive than its previous ones, and the proposed amendments to its pleading do nothing to remedy the deficiency that necessitated dismissal. This motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and will be denied.

1

Case No.: 5:14-cv-04412-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION FOR RELIEF FROM FINAL ORDER

## II. LEGAL STANDARD

While Max Sound focuses primarily on Federal Rule of Civil Procedure 15, it cites no authority for the proposition that a complaint can be amended to revive a case that has been dismissed for lack of subject matter jurisdiction when the court did not permit leave to amend. Consequently, Max Sound must first overcome the order of dismissal before its arguments for leave to amend can be analyzed. It raises Federal Rule of Civil Procedure 60(b)(6) in effort to do so.

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." It should be "used sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).[1] "[O]nly where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment" should Rule 60(b) be invoked. Id.

A party who moves for relief under Rule 60(b) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002). "[M]ere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief." Webster v. Ortiz, No. C 01-0453 MMC (PR), 2009 U.S. Dist. LEXIS 31033, at *8, 2009 WL 981369 (N.D. Cal. Apr. 13, 2009) (citing Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981)). "Judgments are not often set aside under Rule 60(b)(6)." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).

## III. DISCUSSION

In the dismissal order, the court explained that Max Sound could not be considered the

---

[1] Because this motion presents a procedural question not pertaining to patent law, this court applies authority from the Ninth Circuit Court of Appeals. Marquip, Inc. v. Fosber Am., Inc., 198 F.3d 1363, 1369 (Fed. Cir. 1999).

2
Case No.: 5:14-cv-04412-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION FOR RELIEF FROM FINAL ORDER

"virtual assignee" of the '339 patent because it failed to produce a written instrument showing it obtained rights, directly or otherwise, from Vedanti Systems Limited ("Vedanti"). The documents Max Sound did produce - an agreement between itself and another entity, VSL Communications, Ltd. ("VSL"), dated June 20, 2014, which Max Sound purported was evidence of a transfer of rights to the '339 patent, and another agreement between Vedanti and VSL concerning a European patent, which it offered as circumstantial evidence that VSL had obtained rights to '339 patent from Vedanti - were insufficient. The court rejected these agreements for standing purposes because they failed to complete the transfer chain first from Vedanti to VSL, and then from VSL to Max Sound. Specifically missing was "the written document between Vedanti and VSL which endorses Max Sound's contention in relation to the '339 patent as opposed to the EP '277 patent." On that basis, the court granted defendants' motion to dismiss because Max Sound did not meet its burden to prove it had standing at the time it initiated this action.

As an aside to the main discussion, the court also contemplated the result of an alternative scenario. In a footnote, the court observed that if Max Sound had asserted it was an exclusive licensee without "all substantial rights" to the '339 patent and attempted to join VSL to this case, the standing problem would persist because Max Sound had not "shown that VSL owned any rights to the '339 patent at the time it contracted with Max Sound." In turn, "VSL had no authority to grant a license." In other words, the court found that VSL was irrelevant to Max Sound's standing because VSL had not received any rights to the '339 patent from Vedanti, the patent owner. See Textile Prods. v. Mead Corp., 134 F.3d 1481, 1484 (Fed. Cir. 1998) ("[A]n exclusive licensee that does not have all substantial rights has standing to sue third parties only as a co-plaintiff with the *patentee*.").

Max Sound focuses on the footnote for this motion. It argues that because defendants' motion to dismiss did not challenge standing for failure to join VSL, it should be permitted an opportunity to amend the complaint to name VSL as a defendant. Max Sound surmises that "any purported defect in prudential standing based upon the absence of VSL in this lawsuit can be cured

3

Case No.: 5:14-cv-04412-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION FOR RELIEF FROM FINAL ORDER

by the addition of VSL."

Max Sound's argument, however, does not justify extraordinary relief under Rule 60(b)(6). Looking first at the standard, Max Sound identifies no circumstances beyond its control that prevented it from joining VSL sooner. And on this record, such circumstances simply do not exist. Max Sound could have named any party it found necessary when it filed the original complaint. For whatever reason and despite the creative pleading it did employ in this case, Max Sound chose not to join VSL. Max Sound cannot now suggest that a footnote either caught it by surprise or prevented it from doing anything when all other considerations suggest it carefully strategized how to arrange its pleadings. This motion can be denied on that basis alone.

Second, and in any event, Max Sound avoids the reasoning that led to the dismissal as well as the import of the footnote it now uses as a basis for this motion. The court did not find that Max Sound lacked standing because VSL was not a party; instead, the court determined based on the evidence before it that Max Sound had not obtained *any right* at to the '339 patent. Moreover, since VSL is not the patentee nor itself owns any right to the '339 patent, its joinder is of no assistance to Max Sound. Notably, even after drafting a proposed amended complaint in response to the footnote, Max Sound still has not produced the document evidencing any transfer of rights to the '339 patent between Vedanti and VSL. Thus, allowing Max Sound to file an amended complaint which names VSL would be futile, and the court would deny relief under Rule 15 for that reason. Miller v. Rykoff-Sexton, 845 F. 2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

Furthermore, it is worth noting that Max Sound's burden in response to defendants' motion to dismiss was to "'demonstrate that it held enforceable title to the patent at the inception of the lawsuit.'" Abraxis, 625 F.3d at 1364 (quoting Paradise Creations, Inc. v. UV Sales, Inc., 315 F.3d 1304, 1309-310 (Fed. Cir. 2003)). It did not do so for the '339 patent, and cannot remedy the issue by joining parties after the fact. Id. (holding that defective standing cannot be cured after the inception of a lawsuit).

4
Case No.: 5:14-cv-04412-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION FOR RELIEF FROM FINAL ORDER

Simply put, the dismissal of this case for lack of standing was not a manifest injustice. Max Sound has not shown otherwise and, therefore, is not entitled to relief under Rule 60(b)(6). Similarly, Max Sound's proposed amended complaint does not remedy its lack of standing to assert the '339 patent. As such, leave to amend under Rule 15 is also properly denied.

## IV.   ORDER

The "Motion for Leave to Amend and Motion for Relief from Final Order" is DENIED.

**IT IS SO ORDERED.**

Dated:  February 16, 2016



EDWARD J. DAVILA
United States District Judge
United States District Court
Northern District of California

Case No.: 5:14-cv-04412-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION FOR RELIEF FROM FINAL ORDER