1 | HEIDI L. KEEFE (State Bar No. 178960)
COOLEY LLP
2 | Five Palo Alto Square
3000 El Camino Real
3 | Palo Alto, California  94306-2155
Telephone:   (650) 843-5000
4 | Facsimile:   (650) 849-7400
E-Mail:      hkeefe@cooley.com
5 |
STEFANI E. SHANBERG (State Bar No. 206717)
6 | JENNIFER J. SCHMIDT (State Bar No. 295579)
MICHAEL J. GUO (State Bar No. 284917)
7 | WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
8 | One Market Plaza
Spear Tower, Suite 3300
9 | San Francisco, California  94105
Telephone:   (415) 947-2000
10 | Facsimile:   (415) 947-2099
E-Mail:      sshanberg@wsgr.com
11 |              jschmidt@wsgr.com
              mguo@wsgr.com
12 |
Attorneys for Defendants
13 | GOOGLE INC.; YOUTUBE, LLC; and
ON2 TECHNOLOGIES, INC.

14

15 |                   **UNITED STATES DISTRICT COURT**

16 |                  **NORTHERN DISTRICT OF CALIFORNIA**

17 |                          **SAN JOSE DIVISION**

18 | MAX SOUND CORPORATION and
VEDANTI SYSTEMS LIMITED,                        Case No. 5:14-cv-04412-EJD

19 |                                                **DEFENDANTS GOOGLE INC.,**
                  Plaintiffs,                     **YOUTUBE, LLC, AND ON2**
20 |                                                **TECHNOLOGIES, INC.'S MOTION FOR**
       v.                                          **ATTORNEYS' FEES**
21 |
GOOGLE INC., YOUTUBE, LLC, and ON2              Date:   August 25, 2016
22 | TECHNOLOGIES, INC.,                            Time:   9:00 am
                                                   Place:  Courtroom 4, 5th Floor
23 |                  Defendants.                   Judge:  Honorable Edward J. Davila

24

25

26

27

28

DEFENDANTS' MOT.
FOR ATTTORNEYS' FEES
Case No. 5:14-cv-04412-EJD

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ...................................................................................v

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................1

I.    INTRODUCTION.......................................................................................................1

II.   STATEMENT OF FACTS..........................................................................................1

    A.    Defendants Proposed Resolving the Threshold Issue of Standing Prior to Litigating the Merits..................................................................1

    B.    Max Sound Obfuscated Its Lack of Standing.................................................2

    C.    Defendants Were Forced to File a Motion to Dismiss for Lack of Standing.............................................................................................3

    D.    The Court Granted Defendants' Motion To Dismiss. ...................................3

    E.    Max Sound Continued to Improperly Prolong This Litigation. ....................3

III.  Argument.....................................................................................................................3

    A.    Defendants Are Entitled to Attorneys' Fees Under 35 U.S.C. § 285.....................3

        1.    Legal Standard.................................................................................3

        2.    Max Sound's Lack Of Standing Renders This Case Exceptional. .............4

            a.    This Case "Stands Out from Others" Because Max Sound Had No Rights in the '339 Patent....................................5

            b.    Max Sound Litigated This Case Unreasonably..............................5

                i.    Max Sound Failed to Perform a Reasonable Pre-Suit Investigation. ........................................5

                ii.    Max Sound Prolonged This Case by Hiding Its Lack of Standing. ........................................6

            c.    Max Sound's Conduct Warrants Compensation and Deterrence. ...............................................................7

    B.    The Court Also Has Authority to Grant Fees Pursuant to 28 U.S.C. § 1927 and Its Inherent Power.........................................8

        1.    Legal Standard.................................................................................8

        2.    For the Reasons Above, Fees Should Also Be Awarded Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Power. ....................................9

    C.    The Fees Expended in Defending This Case Were Reasonable. ....................9

1

## TABLE OF AUTHORITIES

2

### CASES

3

*Advanced Video Techs. LLC v. HTC Corp.*, No. 1:11 Civ. 06604 (CM), 2015 U.S.
    Dist. LEXIS 122423 (S.D.N.Y. Aug. 28, 2015) ........................................ *passim*

4

*Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975).....................................9

5

*Alzheimer's Inst. of Am., Inc. v. Avid Radiopharms.*, No. 10-6908, 2015 U.S. Dist.
    LEXIS 40013 (E.D. Pa. Mar. 30, 2015) ............................................................5, 8

6

7

*B.K.B. v. Maui Police Dept.*, 276 F.3d 1091 (9th Cir. 2002) ........................................9

8

*Ball v. Rao*, 48 S.W.3d 332 (Tex. App. 2001) ........................................10

9

*Bywaters v. U.S.*, 670 F.3d 1221, *reh'g denied*, 684 F.3d 1295 (Fed. Cir. 2012)...........................10

10

*Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, No. 09-CV-5251 (JFB)
    (AKT), 2014 WL 1514235 (E.D.N.Y. Apr. 16, 2014) ........................................10

11

*Digital Empire Ltd. v. Compal Elecs. Inc. Grp.*, No. 14cv1688 DMS (KSC),
    slip op. (S.D. Cal. Dec. 11, 2015) ........................................9

12

13

*Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2015 WL
    1026226 (N.D. Cal. Mar. 9, 2015) ........................................4, 7

14

*Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001)........................................9

15

*Highmark Inc. v. Allcare Health Mgmt. Sys.*, 134 S. Ct. 1744 (2014)...........................................4

16

*Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425
    (9th Cir. 1983) ........................................9

17

18

*IPVX Patent Holdings, Inc. v. Voxernet LLC*, No. 5:13-cv-01708 HRL, 2014 U.S.
    Dist. LEXIS 158037 (N.D. Cal. Nov. 6, 2014) ........................................8

19

*Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1166
    (N.D. Cal. Mar. 11, 2015) ........................................8, 10

20

21

*Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216 (9th Cir. 2010) ........................9

22

*Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 U.S. Dist.
    LEXIS 129717 (N.D. Cal. Sep. 15, 2014)........................................6

23

*Logic Devices v. Apple*, No. C 13-02943 WHA, 2014 U.S. Dist. LEXIS 168380
    (N.D. Cal. Dec. 4, 2014) ........................................5

24

25

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. A-12-CA-773-SS,
    slip op. (W.D. Tex. Aug. 28, 2015)........................................4, 6, 7

26

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) ...................... *passim*

27

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)........................................10

28

*Prospect Capital Corp. v. Enmon*, No. 08 Civ. 3721 (LBS), 2010 U.S. Dist. LEXIS
    64312 (S.D.N.Y. June 23, 2010), *aff'd in part and remanded*, 675 F.3d 138
    (2d Cir. 2012) ................................................................................................................10

*Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295 (Fed. Cir. 2004) ......................................10

*Segan LLC v. Zynga Inc.*, No. 14-cv-01315-VC, slip op. (N.D. Cal. Dec. 4, 2014).........................6

*Vehicle Operation Techs. LLC v. Ford Motor Co.*, No. 13-539-RGA, 2015 U.S.
    Dist. LEXIS 85509 (D. Del. July 1, 2015) ................................................................6, 9

**STATUTES**

28 U.S.C. § 1927 .......................................................................................................................8, 9, 10

35 U.S.C. § 285 ................................................................................................................... *passim*

**RULES**

Patent L.R. 3-2 ........................................................................................................................7

**MISCELLANEOUS**

C. Wright et al., Federal Practice and Procedure, § 2670 (3d ed. 2014) ..........................................9

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| Plaintiff Max Sound Corporation | Max Sound or Plaintiff |
| Patent Owner Vedanti Systems Limited | Vedanti or Patent Owner |
| Third-Party VSL Communications | VSL |
| Defendant Google Inc. | Google |
| Defendant YouTube, LLC | YouTube |
| Defendant On2 Technologies, Inc. | On2 |
| Defendants Google, YouTube, and On2, collectively | Defendants |
| Plaintiff and Defendants, collectively | Parties |
| U.S. Patent No. 7,974,339 | '339 patent or asserted patent |
| Plaintiff's Complaint for Patent Infringement, Dkt. No. 1 | Complaint |
| Plaintiff's First Amended Complaint for Patent Infringement, Dkt. No. 23 | First Amended Complaint |
| Exhibit A to Plaintiff's Motion for Leave to Amend and Motion for Relief from Final Order, Dkt. No. 142-1 | Proposed Second Amended Complaint |
| Order Granting Defendants' Motion to Dismiss, Dkt. No. 138 | Order |
| Order Denying Plaintiff's Motion for Leave to Amend and Motion for Relief from Final Order, Dkt. No. 149 | Order Denying Amendment |
| Max Sound Corporation and VSL Communications Licensing and Representation Agreement (Optimized Data Transmission System & Method), Dkt. No. 118, Ex. S | VSL Agreement |
| Declaration of Stefani E. Shanberg in Support of Defendants' Motion for Attorneys' Fees | Shanberg Decl.[1] |
| Inventor Constance Nash | Nash |

---

[1] All Exhibits referenced herein refer to the Shanberg Decl. filed concurrently herewith.

1

## NOTICE OF MOTION AND MOTION

2    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3         PLEASE TAKE NOTICE that on August 25, 2016, at 9:00 a.m., or as soon thereafter as

4    the matter may be heard in courtroom of the Honorable Edward J. Davila, located at Courtroom 4,

5    Fifth Floor, of the United States District Court for the Northern District of California, San Jose

6    Division, Defendants will and hereby do move the Court for entry of an order granting attorneys'

7    fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, the Court's inherent power, Fed. R. Civ. P.

8    54, and Civil L.R. 54-5.

9         This motion is based on this notice of motion and motion, the supporting memorandum of

10   points and authorities, the accompanying Shanberg Decl., including exhibits, and such additional

11   evidence and arguments as may hereinafter be presented pursuant to the Stipulation and Order to

12   Enlarge Time to File Motion for Fees, Dkt. No. 145.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

Dismissing Max Sound's case, this Court recently held that "the inescapable conclusion" is that Max Sound has no right to pursue an action for infringement of the '339 patent.  Dkt. 138 at 7. Max Sound had no reasonable basis for its purported standing—relying upon an agreement that does not mention the asserted patent and that it entered with an entity that does not own the patent. *Id*. at 6.  Nonetheless, Max Sound brought this suit and maintained it for a year and a half.  This motion could have been avoided had Max Sound heeded Defendants' repeated requests to resolve standing before the merits.  Instead, Max Sound insisted on pushing the case forward, subjecting Defendants to significant expenditure on discovery, noninfringement, invalidity, claim construction, and motion practice related to its lack of standing.

In circumstances such as these, where the plaintiff has no rights whatsoever in the asserted patent, courts have found cases exceptional and have granted attorneys' fees.  *See, e.g.*, *Advanced Video Techs. LLC v. HTC Corp.*, No. 1:11 Civ. 06604 (CM), 2015 U.S. Dist. LEXIS 122423, at *20-33 (S.D.N.Y. Aug. 28, 2015) (granting fees where plaintiff did not own rights in asserted patent).  Max Sound, too, should be required to reimburse Defendants for the fees foisted upon them by Max Sound's maintenance of a case asserting a patent in which it had no rights.

**II.      STATEMENT OF FACTS**

  **A.      Defendants Proposed Resolving the Threshold Issue of Standing Prior to Litigating the Merits.**

Before the initial case management conference, Defendants proposed commencing litigation of the merits seven days after standing is resolved.  *See* Dkt. No. 58 at 9, 11-12.  Max Sound rejected that proposal and pushed to move the case forward.  *Id*.  After the case management conference, Defendants implored Max Sound to resolve its contractual dispute with the patent owner rather than continuing pursuit of a case in which it has no standing, explaining "Max Sound will subject Google to extensive litigation expenses" and doing so "exposes Max Sound to liability for Google's attorneys' fees under Section 285."  *See* Ex. C at 2.  In response, Max Sound denied the existence of a contractual issue regarding its standing.  *See* Ex. D at 2.

1    After receipt of discovery responses reinforcing Defendants' concerns, Defendants

2    requested that Max Sound agree to stay this case, rather than force Defendants to file a motion to

3    dismiss, until Max Sound and the patent owner resolve the issues between them. *See* Ex. E at 2-3.

4    Max Sound responded that "Vedanti has not challenged Max Sound's standing in this case" and

5    that "Max Sound declines the Google Defendants' proposal to stay this case pending the outcome

6    of a non-existent challenge to Max Sound's standing." *See id.* at 2.  Plaintiff's refusal to defer

7    case deadlines pending determination of the threshold issue of standing subjected Defendants to

8    general discovery; required Defendants to develop noninfringement positions, to prepare invalidity

9    contentions, and to engage in claim construction; and necessitated significant expenditure

10   resolving the issue of standing. *See id.*; Dkt. No. 79; Dkt. No. 105.

11       **B.      Max Sound Obfuscated Its Lack of Standing.**

12       Defendants embarked on early and extensive efforts to assess Max Sound's standing,

13   asking at least seven separate times via discovery requests and correspondence for all documents

14   pertaining to Max Sound's alleged standing.  *See* Shanberg Decl., ¶¶ 11, 14-19.  Max Sound

15   repeatedly denied the existence of its dispute with Patent Owner Vedanti over Max Sound's ability

16   to assert the '339 patent and failed to produce documents relevant to that dispute.  *See* Dkt. No.

17   143 at 34:11-13; *see also, e.g.*, Ex. C; Ex. F; Ex. G; Ex. H; Ex. I; Ex. J; Ex. K.

18       Even after Patent Owner Vedanti publicly disputed Max Sound's rights to bring the present

19   suit and after Max Sound filed an arbitration demand relating to the very same contract Max

20   Sound claims confers its rights in the '339 patent,[1] Max Sound continued to deny the existence of

21   a dispute over standing in its communications with Defendants.  *See* Dkt. No. 97 at 4-5; Dkt. No.

22   99-3 at 8; Dkt. No. 118-41 at 1; Dkt. No. 127; *see also, e.g.*, Ex. D at 2; Ex. M; Ex. N.

23       Defendants finally received the necessary documents from Patent Owner Vedanti.[2]  *See id.*

---

[1] Max Sound withheld information that the arbitration was filed and failed to produce documents relating to the arbitration when the fact of the arbitration was finally revealed by Patent Owner Vedanti.  Max Sound asserted that the arbitration was not relevant.  Dkt. No. 101-9 at 4.  Later, Max Sound maintained the opposite saying that the very same arbitration somehow upholds its rights to the asserted patent. Ex. L.  Whether or not the arbitration is ultimately relevant, it is an example of documents improperly withheld from Defendants by Max Sound.

[2] Vedanti apparently declined to come forward earlier due to intimidation by Max Sound.  Dkt. No. 128 at 2 n.1.

According to the information received from Vedanti, it appears that Max Sound's counsel knew all along that the VSL Agreement did not authorize a patent infringement suit and "acknowledged before numerous witnesses that the 'marching orders' to the lawyers were that there would be no patent infringement lawsuit." Dkt. No. 101, Ex. I at 1; Dkt. No. 127 at 2.

**C.     Defendants Were Forced to File a Motion to Dismiss for Lack of Standing.**

On August 28, 2015, immediately following obtaining the necessary documents from patent owner Vedanti, Defendants filed a motion to dismiss for lack of standing on the basis that Max Sound has no rights in the asserted patent. *See* Dkt. No. 99-3; Dkt. No. 128 at 2 n.1. Patent Owner Vedanti joined Defendants' motion to dismiss. Dkt. No. 127.

**D.     The Court Granted Defendants' Motion To Dismiss.**

On November 24, 2015, the Court held that Max Sound "has not demonstrated that it had standing to enforce the '339 patent at the time it initiated this action, with or without Vedanti as a party." Dkt. 138 at 9. The Court held that Max Sound "could not have received *any* rights to the '339 patent - let alone substantial ones - through the license agreement it signed with VSL because the uncontradicted evidence shows that Max Sound did not contract with the entity that owned those rights." *See id.* (emphasis in original); Dkt. 149 at 4. The Order describes Max Sound's arguments as based upon "unsupported insinuation" and "circumstantial interpretations" and finds that the "inescapable conclusion on this record is that Max Sound cannot independently pursue this action for infringement of the '339 patent." Dkt. 138 at 7-9.

**E.     Max Sound Continued to Improperly Prolong This Litigation.**

In response to the Order, Max Sound sought to file a futile Second Amended Complaint. *See* Dkt. No. 142; Dkt. No. 146; Dkt. No. 149. The Court found "Max Sound's post-dismissal arguments are no more persuasive than its previous ones, and the proposed amendments to its pleading do nothing to remedy the deficiency that necessitated dismissal." Dkt. 149 at 1.

**III.    ARGUMENT**

**A.     Defendants Are Entitled to Attorneys' Fees Under 35 U.S.C. § 285.**

**1.     Legal Standard.**

In patent cases, "the court in exceptional cases may award reasonable attorney fees to the

1   prevailing party." 35 U.S.C. § 285.  The Supreme Court recently overturned the Federal Circuit's

2   high bar requiring a showing of subjective bad faith and objective baselessness to deem a case

3   exceptional.  *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1758

4   (2014).  Instead, a case is exceptional if (1) it stands out from others or (2) it was unreasonably

5   filed and litigated.  *See Octane Fitness*, 134 S. Ct. at 1756.  Fees may be granted under either

6   prong of *Octane Fitness* to compensate the moving party and to deter future conduct.  *See id*. at

7   1756 n.6.  Entitlement to fees under Section 285 need only be shown by a preponderance of the

8   evidence.  *See id.* at 1758.  "Because the exceptional case determination may be informed by the

9   district court's unique insight into the manner in which the case was litigated, it is within the

10  sound discretion of the district court."  *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-

11  1971 CW, 2015 WL 1026226, at *1 (N.D. Cal. Mar. 9, 2015) (citing *Highmark Inc. v. Allcare*

12  *Health Mgmt. Sys.*, 134 S. Ct. 1744, 1748 (2014)).

13          **2.      Max Sound's Lack Of Standing Renders This Case Exceptional.**

14          Numerous courts have found a lack of standing to bring suit on an asserted patent renders a

15  case exceptional.  For example, in *Advanced Video Technologies*, the court found the case

16  exceptional and granted fees where the plaintiff had a "naive" and "objectively unreasonable"

17  belief that it held rights in the asserted patent and failed to investigate the chain of title, which

18  demonstrated that there had been no transfer of rights in the patent to the plaintiff.  *Advanced*

19  *Video Techs.*, 2015 U.S. Dist. LEXIS 122423, at *20-33.  In *National Oilwell Varco*, the court

20  found the case exceptional where it was unambiguous that the document the plaintiff relied upon

21  as the basis for its alleged standing simply did not transfer rights in, or mention, the asserted

22  patent.  *Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. A-12-CA-773-SS, slip

23  op. at 12 (W.D. Tex. Aug. 28, 2015), Ex. O.  Similarly, the court in *Alzheimer's Institute of America*

24  held that the case was exceptional and granted fees to deter the assertion of patents that would-be

25  plaintiffs know or should know they do not rightly own.  *Alzheimer's Inst. of Am., Inc. v. Avid*

26  *Radiopharms.*, No. 10-6908, 2015 U.S. Dist. LEXIS 40013, at *9-11 (E.D. Pa. Mar. 30, 2015).  At

27  least one Court in this district has granted fees in an analogous situation where the plaintiff failed

28  to meet a threshold requirement and obfuscated the same, thus prolonging litigation.  *Logic*

1  *Devices v. Apple*, No. C 13-02943 WHA, 2014 U.S. Dist. LEXIS 168380, at *12 (N.D. Cal. Dec.

2  4, 2014) (granting fees for entire case based upon failure to meet threshold requirement).

3            **a.**      **This Case "Stands Out from Others" Because Max Sound Had
                  No Rights in the '339 Patent.**

4

5        This case is exceptional because Max Sound has no rights whatsoever in the '339 patent.

6  *See* Order at 5-6, 9; Order Denying Amendment at 2-4.  In the same situation, one court stated:

7          I have never before had a case on my docket in which the purported
        owner of the patent-in-suit did not in fact own the patent – that alone

8          makes this case 'exceptional,' for I have no basis on which to believe
        that suing on a patent one does not own falls within the bounds of

9          normal litigation behavior.

10  *Advanced Video Techs.*, 2015 U.S. Dist. LEXIS 122423, at *21.

11        Here, this Court found that Plaintiff did not have ***any*** rights in the patent.  *See* Order at 9;

12  Order Denying Amendment at 4.  It even appears that Plaintiff ***knew*** that Patent Owner Vedanti

13  had given "marching orders" not to file claims for patent infringement.  *See* Dkt. No. 101, Ex. I at

14  1; Dkt. No. 127 at 2.  Just as in *Advanced Video Technologies*, the plaintiff's patent ownership

15  arguments were "all about wishes and hopes – not proof," and this Court found that Max Sound

16  raised only "unpersuasive arguments," "unsupported insinuation," and "circumstantial

17  interpretations" in defense of its alleged right to assert the '339 patent.  Order at 7, 8; *Advanced

18  Video Techs.*, 2015 U.S. Dist. LEXIS 122423, at *30.  Thus, this case is also exceptional under the

19  first test of *Octane Fitness*.  *See Octane Fitness*, 134 S. Ct. at 1756; *Advanced Video Techs.*, 2015

20  U.S. Dist. LEXIS 122423, at *19, 30 (granting fees because "exceptionally weak arguments

21  undoubtedly serve to make a case 'exceptional'"); *Logic Devices*, 2014 U.S. Dist. LEXIS 168380,

22  at *12 (granting fees in part because plaintiff's "position was unsupported by the record").

23            **b.**      **Max Sound Litigated This Case Unreasonably.**

24                   **i.**      **Max Sound Failed to Perform a Reasonable Pre-Suit
                        Investigation.**

25

26        Max Sound's lawsuit has been "objectively baseless from the start" because Max Sound

27  lacks standing, a defect based upon facts that Max Sound knew from the start.  *See, e.g.*, Order at

28  2-3; *see Segan LLC v. Zynga Inc.*, No. 14-cv-01315-VC, slip op. at 5 (N.D. Cal. Dec. 4, 2014)

(finding case exceptional because of unreasonable manner in which it was litigated); *Nat'l Oilwell Varco*, slip op. at 12.  In *National Oilwell Varco*, the court granted attorneys' fees under Section 285 where the plaintiff "was on notice before it even filed suit that there was at least a potential issue involving standing" because the agreement that purportedly conferred standing unambiguously did not grant rights in the asserted patent.  *Id.* at 11, 12.

Here, as in *National Oilwell Varco*, no version of the VSL Agreement upon which Max Sound purported to rely even lists the '339 patent, or any other patent.  *See id.* at 3.  Max Sound ignored this problem.  Further, like the plaintiff in *Advanced Video Technologies* who simply "believed" that the patent owner had transferred title to the patent, Max Sound also failed to perform due diligence to evaluate its unreasonable belief it had rights in the '339 patent.  *See* Order at 6, 9; *Advanced Video Techs.*, 2015 U.S. Dist. LEXIS 122423, at *22.  "[B]elieving does not make it so," and such failure to conduct a reasonable investigation was the basis for a grant of fees in *Advanced Video Technologies*.  *Advanced Video Techs.*, 2015 U.S. Dist. LEXIS 122423, at *22, 29, 31 (finding that plaintiff "had a duty to investigate its chain of title before initiating this suit").

Even though it knew or should have known that there was an issue with its standing, Max Sound filed a complaint and maintained it for nearly a year and a half.  *See Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 U.S. Dist. LEXIS 129717, at *18 (N.D. Cal. Sep. 15, 2014) (granting fees where plaintiff "knew or should have known that its . . . claims were meritless"); *Vehicle Operation Techs. LLC v. Ford Motor Co.*, No. 13-539-RGA, 2015 U.S. Dist. LEXIS 85509, at *8 (D. Del. July 1, 2015) (granting fees because "any objectively reasonable pre-suit investigation would reveal that the entire action was meritless").  Failure to conduct a reasonable pre-suit investigation—or to reach reasonable conclusions—renders the case exceptional, particularly in view of the clear indicators here that there was no standing.  *See, e.g.*, Order at 2-3; *see also Octane Fitness*, 134 S. Ct. at 1756 n.6.

### ii.    Max Sound Prolonged This Case by Hiding Its Lack of Standing.

Courts have awarded fees under Section 285 for failure to produce material documents, particularly as to standing.  *See, e.g., Digital Reg of Texas*, 2015 WL 1026226, at *4 (requiring

plaintiff to "reimburse [defendant] for the considerable costs it expended due to [plaintiff]'s behavior, regardless of whether it resulted from carelessness or bad faith" where it had "failed to produce material documents"); *see also Nat'l Oilwell Varco*, slip op. at 12 (granting attorneys' fees under Section 285 where plaintiff failed to produce documents relevant to standing).   In *National Oilwell Varco*, the court found the case exceptional where the defendant repeatedly sought discovery into the plaintiff's rights in the asserted patent, but the plaintiff was not forthcoming and instead attempted to hide the standing issue.   *Id.*

Here, Max Sound refused to resolve the threshold issue of standing prior to expensive litigation of the merits.   *See* Dkt. No. 58 at 9, 11-12; Ex. E at 2.   Then, as in *National Oilwell Varco,* Max Sound failed to produce documents relevant to its alleged standing despite Defendants' seven separate requests and flouted the Patent Local Rule 3-2 requirement that it produce "all documents evidencing ownership of the patent rights by the party asserting patent infringement."   *See* Patent L.R. 3-2(d).   Indeed, Max Sound failed to produce a single document relating to the arbitration demand it filed, repeatedly asserted that no dispute existed relating to its standing, and represented that its "production is complete" when it was not.   *See* Dkt. No. 99-3 at 8; Dkt. No. 97 at 4-5; Dkt. No. 101, Ex. 1 at 5; Dkt. No. 127 at 2, 2 n.1.   Further, Max Sound apparently intimidated Nash in an attempt to force her silence.   *See* Dkt. No. 128 at 2 n.1.

Compounding its failure to fully participate in discovery, Max Sound relied upon "unpersuasive arguments" composed of "unsupported insinuation" and "circumstantial interpretations" in an attempt to keep this case alive.   *See* Dkt. 138 at 7-9; *Advanced Video Techs.*, 2015 U.S. Dist. LEXIS 122423, at *30 ("The objective unreasonableness of the steps taken by [plaintiff] is underscored by the fact that the arguments propounded by [plaintiff] in opposing the motions to dismiss were exceptionally weak . . . .").   As such, this case is also exceptional under the second alternate prong of *Octane Fitness*.

                     **c.**     **Max Sound's Conduct Warrants Compensation and Deterrence.**

"[D]eterring similar behavior . . . is an appropriate consideration in awarding fees."   *IPVX Patent Holdings, Inc. v. Voxernet LLC*, No. 5:13-cv-01708 HRL, 2014 U.S. Dist. LEXIS 158037, at *20 (N.D. Cal. Nov. 6, 2014) (quoting *Octane Fitness*, 134 S. Ct. at 1756 n.6).   "Litigants must

be discouraged from bringing an infringement action based upon a patent they know or should have known they do not rightfully own. . . .  Such conduct should not be rewarded and without consequences." *Alzheimer's Inst. of Am.*, 2015 U.S. Dist. LEXIS 40013, at *10; *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1166 (N.D. Cal. Mar. 11, 2015) (awarding Section 285 fees to fulfill "dual goal of deterrence and restitution").

Here, but for Max Sound's refusal to first determine the threshold issue of standing, Defendants would not have had to expend ***any*** fees on defense of the merits of this case.  *See* Dkt. No. 58 at 9; Dkt. No. 79.  Max Sound even continued to pursue this case after it was dismissed, subjecting Defendants to additional expense.  *See* Dkt. No. 142; Dkt. No. 146; Order Denying Amendment at 4.  A Section 285 fee award would deter baseless litigation and would "serve as a deterrent to other [patent assertion entities] who might prefer to ignore doubts about their title, warning them to make sure they own the patent before initiating suit."  *Advanced Video Techs.*, 2015 U.S. Dist. LEXIS 122423, at *31.  Under *Octane Fitness*, Defendants are also entitled to a fee award as compensation and as a deterrent to such future litigation conduct.

**B.      The Court Also Has Authority to Grant Fees Pursuant to 28 U.S.C. § 1927 and Its Inherent Power.**

**1.      Legal Standard.**

Section 1927 provides that "any attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  The purpose is "to place directly on attorneys a sanction that should encourage them to refrain from the frivolous, to weigh considerations of relevancy and privilege carefully when participating in discovery proceedings, and to advise their clients in accordance with their best legal judgment rather than in terms of securing tactical advantage through the manipulation of the process."  C. Wright et al., Federal Practice and Procedure, § 2670 (3d ed. 2014).  A finding of bad faith is not required; recklessness is enough.  *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).  An action is frivolous when "the result is obvious or the arguments . . . advanced are wholly without merit." *Int'l Union of Petroleum &*

*Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 430 (9th Cir. 1983); *see, e.g.*, *Digital Empire Ltd. v. Compal Elecs. Inc. Grp.*, No. 14cv1688 DMS (KSC), slip op. at 13-14 (S.D. Cal. Dec. 11, 2015) (awarding Section 1927 sanctions where patent-plaintiff failed to conduct adequate pre-filing investigation, refused to dismiss case, and filed groundless motion for leave to amend) (quoting *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002)), Ex. P.

Likewise, the Supreme Court has long recognized the court's inherent power to shift fees when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  *See Octane Fitness*, 134 S. Ct. at 1758 (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-259 (1975)); *see also Fink v. Gomez*, 239 F.3d 989, 992-94 (9th Cir. 2001); *Digital Empire Ltd.*, slip op. at 14 n.7 (awarding sanctions under court's inherent power based on same facts as those for Section 1927) (quoting *B.K.B.*, 276 F.3d at 1108).

### 2.     For the Reasons Above, Fees Should Also Be Awarded Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Power.

Here, Defendants request that fees are assessed against both Max Sound and its counsel. Max Sound may not be solvent, and there may be no other way for Defendants to recover their unnecessary expenditures.  *See* Ex. Q at 4-8 (showing liabilities far exceeding tangible assets and annual net losses).  Further, Max Sound's counsel was privy to all of the same information as their client and acted with the same unreasonable beliefs, lack of diligence, and obfuscation.  *See supra* Section III.A.2.b.  Here, deterrence is also of particular importance because Max Sound's counsel was warned that its behavior subjected it to a fee award and because fees and sanctions have previously been awarded against the same counsel for similar conduct. *See, e.g.*, *Vehicle Operation Techs.*, 2015 U.S. Dist. LEXIS 85509, at *8 (granting fees after same counsel advanced "frivolous and objectively unreasonable" legal arguments); *Ball v. Rao*, 48 S.W.3d 332, 339 (Tex. App. 2001) (affirming order sanctioning same counsel for "repeated violations" of court's in limine orders). For all the same reasons that the Court should grant fees under Section 285, the Court should assess fees against both Max Sound and its counsel under Section 1927 and its inherent power.

### C.     The Fees Expended in Defending This Case Were Reasonable.

Defendants' request for fees is evaluated for reasonableness under the specific

circumstances of the case. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). Factors the court may consider include the sophistication of the work, the prevailing forum rates, and the actual fee agreement between the firm and client. *See Bywaters v. U.S.*, 670 F.3d 1221, 1232, *reh'g denied*, 684 F.3d 1295 (Fed. Cir. 2012). Federal Circuit law controls the calculation of reasonable attorneys' fees in a patent case. *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1299 (Fed. Cir. 2004). Reasonableness is evaluated compared to the lodestar which determines "the rate a paying client would be willing to pay." *See Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, No. 09-CV-5251 (JFB) (AKT), 2014 WL 1514235, at *13 (E.D.N.Y. Apr. 16, 2014) (citation omitted); *Perdue v. Kenny*, 559 U.S. at 551.

Here, Defendants are sophisticated clients and have endorsed counsel's rates through their selection of counsel. *Prospect Capital Corp. v. Enmon*, No. 08 Civ. 3721 (LBS), 2010 U.S. Dist. LEXIS 64312, at *12 (S.D.N.Y. June 23, 2010) ("Numerous courts have recognized that 'negotiation and payment of fees by sophisticated clients are solid evidence of their reasonableness in the market.'") (citation omitted), *aff'd in part and remanded*, 675 F.3d 138 (2d Cir. 2012). To date, Defendants' counsel has spent a total of 1,410.1 hours on this case. *See* Shanberg Decl., ¶¶ 4-10. Defendants seek fees in the amount of $763,093.29. *See* Shanberg Decl., ¶ 4. This includes fees relating to all aspects of the case since, but for Max Sound's baseless filing of this case and pressing forward without resolving the threshold issue of standing, Defendants would not have spent ***anything*** to defend this case. *See Kilopass Tech.,* 82 F. Supp. 3d at 1166 (awarding "all reasonable attorneys' fees arising out of the patent-related litigation" because defendants "would not have incurred any legal costs were it not for [plaintiff's] claims of infringement").

Dated: March 1, 2016

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: _____*/s/ Stefani E. Shanberg*_____
         Stefani E. Shanberg

Attorneys for Defendants Google Inc.; YouTube, LLC; and On2 Technologies, Inc.