UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAX SOUND CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, et al.,<br><br>Defendants. | Case No. 5:14-cv-04412-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER PERMITTING REGISTRATION OF JUDGMENT**<br><br>Re: Dkt. No. 207 |

Plaintiff Max Sound Corporation's patent infringement claims against Defendants Google LLC; YouTube, LLC; and ON2 Technologies, Inc. were dismissed for lack of subject matter jurisdiction after the court found that Max Sound could not adequately demonstrate standing to assert the patent-in-suit. Dkt. No. 139. Max Sound appealed from the dismissal, but was unsuccessful before the Federal Circuit. Dkt. No. 180.

The court subsequently addressed Defendants' motion for an award of attorneys fees, granting the request in part under 35 U.S.C. § 285 and awarding Defendants the total sum of $820,321.41. Dkt. No. 198. Max Sound appealed from that order, which appeal remains pending. Dkt. No. 194.

Google now moves for an order pursuant to 28 U.S.C. § 1963 permitting registration of the attorneys fees order in other districts. Dkt. No. 207. Max Sound opposes the motion. This matter is suitable for decision without oral argument, and the hearing scheduled for April 12, 2018, is VACATED. Civ. L.R. 7-1(b).

As to Google's motion, the court finds, concludes and orders as follows:

1. A district court judgment becomes final and enforceable, and available for execution, 14 days after its entry. Fed. R. Civ. P. 62(a); Columbia Pictures Television, Inc. v.

Case No.: 5:14-cv-04412-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER PERMITTING REGISTRATION OF JUDGMENT
1

Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001).[1] "Pending appeal, however, the judgment is only enforceable in the district in which it was rendered, unless the judgment is 'registered' in another district by court order." Id. (citing 28 U.S.C. § 1963).[2]

2. The process for obtaining registration by court order is described in 28 U.S.C. § 1963, which provides in pertinent part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

"Section 1963 thus permits a district court to issue an order certifying a judgment for registration during the pendency of an appeal upon a finding of 'good cause.'" Columbia Pictures Television, Inc., 259 F.3d at 1197.

3. The Ninth Circuit has not defined what constitutes "good cause" under § 1963. Id. It has nonetheless observed that good-cause findings are generally based on two elements: (1) "the absence of assets in the judgment forum," and (2) "the presence of substantial assets in the registration forum." Id. As to the latter showing, "[m]ost courts require that the judgment creditor . . . identify assets in the specific district where registration is sought." Wordtech Sys., Inc. v. Integrated Network Solutions, Inc., No. 04-01971, 2009 WL 4884251, at *1 (E.D. Cal. Dec. 10, 2009). "However, some courts opine that 'the distinct possibility of [a judgment creditor] being faced with an unsatisfied judgment' sufficiently satisfies the 'good cause' threshold." UMG Recordings, Inc. v. BCD Music Grp., Inc., No. CV 07-05808 SJO (FFMx), 2012 WL 12882702, at *3 (C.D. Cal. Oct. 3, 2012) (quoting Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp., 128

---

[1] The procedural question presented by this motion is decided according to Ninth Circuit authority. Marquip, Inc. v. Fosber Am., Inc., 198 F.3d 1363, 1369 (Fed. Cir. 1999).
[2] Max Sound has not posted a supersedeas bond for a stay pending appeal. See Fed. R. Civ. P. 62(d).

Case No.: 5:14-cv-04412-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER PERMITTING REGISTRATION OF JUDGMENT

2

F.R.D. 63, 66-67 (D.N.J. 1989)).

4. Here, Google represents that Max Sound has few, if any, assets located within the Northern District of California. Max Sound does not dispute this representation in argument or by affidavit. Thus, the court finds the first element of the good cause requirement is satisfied. See Columbia Pictures Television, Inc., 259 F.3d at 1198 ("Feltner does not dispute that he lacks assets in California.").

5. For the second element, Google argues that leviable assets are located in the Southern District of California. In a supporting declaration, Google's counsel states that Max Sound's principal executive offices are located in La Jolla, geographically within the Southern District. Decl. of Justin S. Draa, Dkt. No. 207, at ¶ 4. Max Sound's pleadings confirm this statement. Decl. of Greg Halpern, Dkt. No. 212, at ¶ 2.

6. Google also relies on Max Sound's Form 10-Q report for the quarter ending on September 30, 2017. Draa Decl., at Ex. A. The Form 10-Q is meant to reveal "a continuing view of a company's financial position." In that regard, the Form 10-Q demonstrates total assets for Max Sound of $183,622.00, including $3,042.00 in cash and $50,655.00 in property and equipment. Additionally, the Form 10-Q references two licensing agreements, one with a value of $225,000.00 and one for the payment of a $1.50 royalty for each licensed product manufactured and sold.

7. Furthermore, Max Sound itself references the strong possibility that other viable assets may exist in the Southern District of California, or that such assets may materialize at some point in the future. Max Sound's CFO states that the company "has become involved in providing financial and other support to certain individuals and corporations which have potential claims for violations of the law by various entites." Halpern Decl., at ¶ 3. In that regard, Max Sound admits to having a "financial interest" in two pending lawsuits. The genesis and extent of this "financial interest" may, at the very least, be a legitimate topic for enforcement-related discovery in the Southern District of California. When Max Sound's own statements are coupled with the location

Case No.: 5:14-cv-04412-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER PERMITTING REGISTRATION OF JUDGMENT
3

of its executive offices and its Form 10-Q, the court easily finds that Google has shown "the presence of substantial assets in the registration forum."

8. This determination justifies an order permitting the registration of the attorneys fees order in the Southern District of California. But allowing Google to undertake broader registration efforts based only on this showing is not supportable. Indeed, the blanket order requested by Google, which if granted would permit registration "in any other judicial district in the United States in which Max Sound's assets may be found," cannot be reconciled with § 1963 or the "good cause" standard that flows from it. As noted, the second element of good cause is defined in terms of assets located in a particular forum; it does not contemplate authorizing the creditor *carte blanche* to register in any district nationwide. Google's request for that sort of authorization will be denied.

9. Finally, Max Sound spends several pages of its opposition affirmatively requesting a stay of execution. Such request does not comport with Civil Local Rule 7-1(a), which specifies that "[a]ny written request to the Court for an order must be presented" by motion or stipulation. This rule makes sense, because a moving party cannot be expected to both respond to opposing arguments and oppose a completely new motion in a reply. As such, the court declines to consider Max Sound's procedurally improper stay request.

The court finds for the reasons explained that Google is entitled to some, but not all, of the relief it requested pursuant to § 1963. Accordingly, its motion is GRANTED insofar as Google may register the attorneys fees order in the United States District Court for the Southern District of California. Google's request for permission to register the attorneys fees order in any district court of its choosing is DENIED.

**IT IS SO ORDERED.**

Dated: April 6, 2018

EDWARD J. DAVILA
United States District Judge