UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAX SOUND CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, et al.,<br><br>    Defendants. | Case No. 5:14-cv-04412-EJD<br><br>**ORDER DENYING MOTION TO STAY ENFORCEMENT OF JUDGMENT AND GRANTING MOTION TO AMEND JUDGMENT**<br><br>Re: Dkt. Nos. 228, 229 |

## I. INTRODUCTION

Before the Court is Defendant and Judgment Creditor Google LLC's Motion to Amend Judgment to Add Harold John Blaisure and Greg Halpern ("Motion to Amend"), and Plaintiff and Judgment Debtor Max Sound Corporation's Motion to Stay Enforcement of Judgment ("Motion to Stay"). Both Motions concern the Court's order that Max Sound pay $820,321.41 in attorneys' fees to Google. Dkt. 192. Having considered the papers submitted by the parties and heard argument on the motions, the Court denies the Motion to Stay and grants the Motion to Amend.

## II. BACKGROUND

The Court's Order Granting Defendants' Motion to Dismiss (Dkt. 138) describes the factual background of this litigation. The relevant procedural history is as follows:

After dismissing the case for lack of subject matter jurisdiction on November 24, 2015 (*id.*), the Court granted in part and denied in part Google's Motion for Attorneys' Fees on September 25, 2017. Dkt. 192. The Court ordered Max Sound to pay $820,321.41 in attorneys' fees after finding that Max Sound had "relied on nothing more than its own aspirations from weak circumstantial indicators—rather than clear language from the controlling legal documents—to

Case No.: 5:14-cv-04412-EJD

1

argue that it had standing" and "litigated this case in an exceptionally unreasonable manner." *Id.* at 14-15, 24. Max Sound appealed the Court's Attorneys' Fees Order to the Federal Circuit on October 3, 2017. Dkt. 194. Oral argument before the Federal Circuit is set for March 7, 2019. Dkt. 234-1 at 1. On April 6, 2018, the Court granted in part and denied in part Google's Motion for Order Permitting Registration of Judgment, permitting Google to register the attorneys' fees order in the U.S. District Court for the Southern District of California. Dkt. 220.

On December 13, Google filed the Motion to Amend to add Max Sound's only officers, Mr. Blaisure and Mr. Halpern, as judgment debtors. Dkt. 228. Google argues that they are the alter egos of Max Sound, and that they control this litigation. *Id.* Max Sound did not file any response to the Motion to Amend. Instead, on December 26, 2018, Max Sound filed its Motion to Stay.

### III. THE MOTION TO STAY

Under Federal Rule of Civil Procedure 62(b), after a judgment has been entered, "a party may obtain a stay [of the proceedings to enforce the judgment] by providing a bond or other security." A district court in its discretion may determine that the party requesting the stay need not provide such a supersedeas bond. *United States v. Moyer*, 2008 WL 3478063, at *12 (N.D. Cal. Aug. 12, 2008). In the Ninth Circuit, district courts have largely adopted the factors laid out in *Dillon v. City of Chicago*, 866 F.2d 902, (7th Cir. 1988), when considering this question. *Moyer*, 2008 WL 3478063, at *12; *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012). Under the *Dillon*, the Court should consider:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon*, 866 F.2d at 904-05 (citations and quotations omitted).

Max Sound does not engage with the *Dillon* factors, but rather, argues that the Court should apply the factors used to weigh a preliminary injunction. That is not correct. "[C]ourts in

Case No.: 5:14-cv-04412-EJD

2

this circuit have held that the preliminary injunction test specifically applies to a stay of injunctive relief pursuant to Federal Rule of Civil Procedure 62(c), and is irrelevant in a case involving a monetary judgment." *Sarver v. Hurt Locker LLC*, 2012 WL 12892147, at *2 (C.D. Cal. Feb. 2, 2012). The Court declines to apply the preliminary injunction factors here.

Max Sound also argues it will suffer irreparable financial harm if the judgment is not stayed. But Max Sound's financial insecurity weighs in favor of requiring a bond or security. "The purpose of the supersedeas bond is to 'protect the prevailing party from the risk of a later uncollectible judgment.'" *Sarver*, 2012 WL 12892147, at *2 (quoting *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988), alterations omitted). Here, the bond is necessary to protect Google's right to enforce its monetary judgment. *See id.* (citing *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980)). Max Sound's apparent financial hardship is unfortunate, but the Court cannot put Google's right to obtain its judgment "at risk solely on the basis of [Max Sound's] ability to pay. Indeed, it may be an abuse of discretion to do so." *Id.* (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560-61 (9th Cir. 1977)).

The Motion to Stay is DENIED.

## IV. THE MOTION TO AMEND

Google has moved the Court to amend its attorneys' fees judgment to add Mr. Blaisure and Mr. Halpern as judgment debtors. Google asserts that Max Sound cannot pay the judgment, at least in part, because Mr. Blaisure and Mr. Halpern have treated Max Sound as their personal piggy bank receiving substantial compensation from the corporation. Dkt. 228 at 1-2. Max Sound never responded to the Motion to Amend, but it concedes in its Reply in support of the Motion to Stay, that its Motion was an attempt to prevent Google from "mak[ing] Mr. Halpern and Mr. Blaisure immediately liable on the judgment." Dkt. 232 at 3.

Max Sound's actions violate the Local Rules. Local Rule 7-3 required Max Sound to file either an opposition or a statement of non-opposition to Google's Motion to Amend. Filing the Motion to Stay did not relieve Max Sound of that obligation. Courts in this district have held that one party's failure to oppose or to respond to the other party's motion is grounds to grant the motion. *See, e.g.*, *Giroux v. Essex Prop. Tr., Inc.*, 2016 WL 5394088, at *1 (N.D. Cal. Sept. 27, Case No.: 5:14-cv-04412-EJD

3

2016) (collecting cases). Accordingly, and for good cause showing, the Court GRANTS the Motion to Amend.

Pursuant to Federal Rule of Civil Procedure 69(a) and California Code of Civil Procedure Section 187, as the sole executives and officers of judgment debtor Max Sound, individuals and natural persons Harold John Blaisure and Greg Halpern are added as additional judgment debtors to the judgment against Max Sound that was originally issued by this Court on September 25, 2017 at Docket Entries 192 (under seal) and 198 (public).

**IT IS SO ORDERED.**

Dated: February 7, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-04412-EJD

4